KELLOGG–MACKAY–CAMERON CO. v. HAVRE HOTEL CO. et al.

(Circuit Court of Appeals, Ninth Circuit.· September 7, 1909.)

No. 1,661.

1. GUARANTY (§ 85*)—ACTION BY CREDITOR—SUFFICIENCY OF COMPLAINT.

Defendants, who were building a hotel, let a contract for a heating plant for the building to one Brader, who placed an order for the materials needed with plaintiff. Shortly afterward defendants wrote plaintiff, reciting such facts and the terms of payment named in the order, followed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the following statement: "We are prepared to meet these terms with Mr. Brader, so that you will be perfectly safe in shipping him this material." To this plaintiff replied as follows: "Your communication of the 7th instant, guaranteeing the account of P. H. Brader for the material which we are to ship him for the new Hotel Havre, and stating terms of payment on same, received. The same is satisfactory to us." To this letter defendants made no reply. *Held* that, in an action against defendants as guarantors of the account, the complaint properly alleged that defendants intended their letter as an offer to guarantee the account, and confirmed the same by their failure to reply to plaintiff's letter accepting the same as a guaranty, and that with such allegations the complaint stated a cause of action.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 99; Dec. Dig. § 85.*]

2. ESTOPPEL (§ 107*)—EQUITABLE ESTOPPEL—PLEADING AS ELEMENT OF CAUSE OF ACTION AT LAW.

The doctrine of estoppel in pais, while of equitable origin, is by the modern practice generally applied in actions at law, and facts constituting such an estoppel against a defendant may properly be pleaded in a complaint.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 297; Dec. Dig. § 107.*]

In Error to the Circuit Court of the United States for the District of Montana.

This was a suit brought by the plaintiff in error for the purpose of recovering judgment upon an alleged guaranty by defendants in error of an account of one P. H. Brader for goods, wares, and merchandise purchased by him from the plaintiff in error in November, 1904, for the purpose of furnishing the labor and materials for the installment of a heating plant and necessary plumbing and other pipe-fitting for the Havre Hotel at Havre, Mont. Plaintiff's original complaint, filed May 8, 1907, was superseded by an amended complaint filed August 12, 1907. To this amended complaint defendants demurred generally. The court overruled the demurrer, and by leave of court defendants filed a special demurrer on the ground of ambiguity and uncertainty. Upon the argument of the demurrer, plaintiff obtained leave of court to file a second amended complaint, which was filed November 15, 1907. This second amended complaint set forth in hæc verba a letter written by the defendants and plaintiff's reply thereto, alleged as constituting defendants' guaranty and plaintiff's acceptance. These letters appear hereafter in stating the material allegations of the third amended complaint. In other respects the second amended complaint was substantially identical with the first amended complaint. To this second amended complaint a general demurrer was interposed, which was sustained by the court. Thereupon plaintiff, on December 18, 1907, filed its third amended complaint which was in legal effect identical with the second amended complaint, with the addition of four new paragraphs relating to an alleged ambiguity in defendants' letter. The complaint charged that the defendants caused the ambiguity to exist, alleged the interpretation placed upon the letter by plaintiff, and charged that the defendants led plaintiff to believe that defendants' letter was an offer to guarantee the account of P. H. Brader. Defendants moved to strike out these four paragraphs as being irrelevant, immaterial, and redundant, and the court sustained the motion. By this motion the third amended complaint was left identical in legal effect with the second amended complaint, to which the court had sustained a general demurrer. Defendants did not plead to this third amended complaint, whereupon plaintiff entered a default and procured judgment thereon from Judge Dietrich, who at that time was occupying the bench in the absence of Judge Hunt, the resident judge of the district.

Immediately after the entry of this judgment defendants moved to vacate the same on the ground that the third amended complaint did not state facts.

sufficient to constitute a cause of action and therefore did not support the judgment; that the third amended complaint was identical with the second amended complaint, to which a general demurrer had been sustained; that the order of the court sustaining the demurrer to the second amended complaint became and was res judicata and the law of the case between the parties until reversed or set aside; that defendants had made a motion to strike out certain portions of the third amended complaint; that the court had ordered a stay of proceedings until such motion could be heard; that the time for answering or pleading to the third amended complaint was suspended during the pendency of said motion; that neither the defendants nor their attorneys had received any notice that such motion had been decided, and therefore the default judgment was entered prematurely; and that the judgment was of no force or effect. This motion was sustained, and the judgment was vacated on the ground that it had been entered by inadvertence of the court. Subsequently, upon application of plaintiff, the clerk of the court again entered a judgment by default. Defendants immediately moved to set aside this second judgment on the ground stated in the motion to set aside the first judgment, and a further ground that the former judgment, based on the same default and complaint, had been vacated and set aside. Upon the argument the court sustained the motion and set aside the second judgment. Plaintiff thereupon made two motions, namely: (1) To vacate the order setting aside the last-mentioned judgment; and (2) to enter a judgment on defendants' default. The court overruled both of these motions, and ordered that the default of the defendants for lack of answer or demurrer to the third amended complaint be set aside, and granted defendants ten days from the date of the order in which to plead to the third amended complaint. Defendants thereupon filed a general demurrer to this third amended complaint, which was sustained, and, plaintiff refusing to plead further, judgment was entered in favor of defendants, without the right given to plaintiff to plead further.

The material allegations of the third amended complaint, as it stood when the court sustained defendants' demurrer and entered the judgment against which the present writ of error is prosecuted, are substantially as follows:

That in the fall of 1904, and prior to November 7th of that year, defendant Havre Hotel Company entered into a contract with one P. H. Brader, by the terms of which Brader was to furnish the labor and materials for the installment of a heating plant and necessary plumbing and other pipe-fitting in a building known as the "Havre Hotel," then in course of construction at Havre, Mont.; the price of such labor and materials, as agreed upon in said contract, being about $5,700. That shortly after entering into this contract Brader placed an order with the plaintiff at Minneapolis, Minn., for the necessary materials, supplies, and fixtures to be used by him in completing his contract with the Havre Hotel Company. That on November 7, 1904, defendants, for a valuable consideration, made, executed, and delivered to plaintiff a writing offering or proposing to guarantee the payment by Brader for the materials ordered of plaintiff by said Brader, which writing was as follows:

"Havre, Montana, Nov. 7th, 1904.

"Kellogg-Mackay-Cameron Co., Minneapolis, Minnesota—Gentlemen: Mr. P. H. Brader, of this place, was awarded the contract for plumbing and heating the new Hotel Havre, which is under construction here now, and informs us that he has placed the order for material for his work with your firm on terms that he is to pay you 60% of your bills when material is on the ground here (less freight), and balance in 60 days. We are prepared to meet these terms with Mr. Brader, so that you will be perfectly safe in shipping him this material."

That by this agreement defendants intended to and did offer to guarantee the payment by Brader for the materials which he had ordered from plaintiff. That defendants supposed and believed, when this writing was made, executed, and delivered, that plaintiff would understand said writing to be an offer to guarantee the payment by said Brader for the said materials when furnished by plaintiff. That on November 9, 1904, plaintiff, having received the said writing, believed and understood the same to be an offer by defendants to guarantee the proposed account of Brader, and plaintiff duly accepted the same as such; said acceptance being as follows:

"Your communication of the 7th instant, guaranteeing the account of P. H. Brader for the material which we are to ship him for the new Hotel Havre and stating terms of payment on same, received. The same is satisfactory to us."

That defendants believed and supposed at the time of the acceptance by plaintiff that plaintiff understood the writing to be an offer to guarantee the payment by Brader for the materials when furnished by plaintiff to him. That after defendants had received plaintiff's acceptance of the proposal to guarantee, by which acceptance plaintiff treated the proposal as a guaranty, defendants intentionally remained silent, and intentionally failed and neglected to notify plaintiff that they did not intend their proposal of November 7, 1904, to guarantee the account of said Brader. That defendants continued to remain silent until long after the order of Brader was accepted and the goods furnished, and until long after notified by plaintiff of the default in payment by Brader. That by their silence and failure to notify plaintiff they are estopped to deny that the said proposal of November 7, 1904, and its acceptance on November 9, 1904, did not create between plaintiff and defendant a contract of guaranty of the account of P. H. Brader. That, by their silence and failure to notify plaintiff that said proposal of guaranty was not in fact intended as such by defendants, the defendants intended to mislead and deceive plaintiff, to its damage, by inducing plaintiff to accept and act upon defendants' proposal as a guaranty of the account of Brader; and plaintiff, in reliance upon the silence of defendants, and relying upon their failure and neglect to notify plaintiff that their proposal of guaranty was not intended as such, and being misled and deceived by such silence, neglect, and failure, accepted the order of Brader, and in reliance upon the credit of the defendants furnished the materials to him. That plaintiff, but for such reliance, would not have accepted the order and would not have furnished the materials. That defendants are estopped to now deny that the said proposal to guarantee and the acceptance thereof did not create, as between the defendants and the plaintiff, a contract of guaranty of the account of Brader. That plaintiff, in reliance upon the guaranty made by the defendants, and in reliance upon the credit of the defendants, accepted the order of Brader for the materials, supplies, and fixtures so placed with it by the said Brader, and with the full knowledge of the defendants delivered to the said Brader the materials ordered by him; the same being for the agreed sum of $3,577.84. That Brader thereafter made default in the payment of said amount for said materials, and failed, neglected, and refused to pay the amount according to the terms of the guaranty. That plaintiff used due diligence and its utmost endeavors to collect the same, failing in which it brought suit against Brader for the amount, and judgment was entered against him on April 26, 1906. That execution was issued, and the judgment returned partially satisfied, leaving a deficiency of $3,147.61. That on January 7, 1907, plaintiff notified defendants of the default of Brader, and demanded that defendants pay the same in accordance with their guaranty. That they wholly failed, neglected, and refused to do so. Judgment was demanded against the defendants for the sum of $3,147.61, with accruing costs and interest, and for costs of suit.

Galen & Mettler, for plaintiff in error.

F. N. Ulter and Clayberg & Horsky, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The defendants in error submit that the order sustaining the demurrer to the second amended complaint fully and finally determined that the facts stated in that complaint did not constitute a cause of action, and that such determination became and was res judicata of that question until reversed or set aside. The third amended complaint, after certain paragraphs had been struck out by the court, was the same in legal effect as the second amended complaint; and it is contended that:

the ruling of the court on the demurrer to the second amended complaint disposed of the third amended complaint. The effect of sustaining the position of the defendants in error would be to hold that the judgment entered upon the third amended complaint was void and of no effect, and the writ of error would have to be dismissed—a result not entirely without justification, perhaps, in view of the earnest, but equally technical, contention of the plaintiff in error that the court abused its discretion in setting aside the default judgment in favor of the plaintiff. In a technical controversy of this character it may be well said that "they who take the sword shall perish with the sword." But, without expressing an opinion upon these proceedings, we will consider the case upon its merits.

The important question of the case is whether the third amended complaint states a cause of action. The action as stated is based upon the letter written by defendants to plaintiff on the 7th of November, 1904, and a letter in reply, written by plaintiff to defendants on November 9, 1904, and received by defendants on November 11, 1904. The letter written by defendants refers to an order placed by one P. H. Brader with the plaintiff for material required in carrying out a contract for plumbing and heating a new hotel. The letter set forth the terms upon which the plaintiff was to furnish this material to Brader and said:

"We are prepared to meet these terms with Mr. Brader, so that you will be perfectly safe in shipping him this material."

In reply to this letter the plaintiff wrote to the defendants:

"Your communication of the 7th instant, guaranteeing the account of P. H. Brader for the material which we are to ship him for the new Hotel Havre and stating terms of payment on same, received. The same is satisfactory to us."

To this letter it is alleged defendants made no reply, and remained silent and failed to notify the plaintiff that they did not "guarantee the account" with Brader, as stated in plaintiff's letter. Defendants' letter is clearly a proposal relating to an order placed by Brader with plaintiff for the supply of material to enable Brader to carry out a contract for plumbing and heating a hotel. The terms of payment for this material were stated, and defendants said they were "prepared to meet these terms with Mr. Brader." This sentence so far is obscure and uncertain as to its meaning, but the remainder of the sentence is not obscure or uncertain. It is: "So that you will be perfectly safe in shipping him this material." This last part of the sentence must have been intended to convey an assurance that plaintiff would be paid for the material; otherwise, the letter would be meaningless. How safe? By the guaranty contained in defendants' letter? This was obviously what plaintiff wanted to know, and accordingly plaintiff promptly wrote to defendants that their communication "guaranteeing the account" of Brader was satisfactory. Had defendants used this language in their letter, there would have been no controversy as to the guaranty. What did defendants do then? They remained silent. Could any inference relevant to the case be drawn from this silence? If so, it was a fact to be stated in the complaint, and the inference was

a question for the jury. A reasonable and legitimate inference was that the defendants assented to the interpretation placed upon the letter by plaintiff, and that they thereby intended to be understood as guaranteeing the account of Brader. Whether it was sufficient of itself to justify such an inference would be a question for the jury to determine under the instructions of the court. But our present concern is as to whether it was a statement of a fact which, taken in connection with the other facts alleged, constituted a cause of action. We think it did. We think it was properly stated, and constituted an important element in the sufficiency of the complaint.

The other charge, that defendants by their silence intended to mislead and deceive plaintiff by inducing plaintiff to accept and act upon defendants' proposal as a guaranty of the account of Brader, was stated to be for the purpose of setting up a legal estoppel; that is to say, that defendants by their conduct had placed themselves in a position where the law declares that they will not be heard to deny the guaranty. It is charged that, as they were silent when good faith required that they should have spoken, they cannot now be heard to say that that is not true which their conduct unmistakably declared was true, and upon the faith of which the plaintiff acted. This is an application of the doctrine of estoppel in pais, which, while originating in courts of equity, is now very generally applied in cases arising in courts of law. Dickerson v. Colgrove, 100 U. S. 578, 582, 25 L. Ed. 618; Kirk v. Hamilton, 102 U. S. 68, 79, 26 L. Ed. 79; Paxson v. Brown, 61 Fed. 874, 10 C. C. A. 135, 143; Union Pac. Ry. Co. v. United States, 67 Fed. 975, 979, 15 C. C. A. 123, 127.

In this view of these allegations, we think the third amended complaint stated a cause of action. The demurrer of the defendant to this complaint should therefore have been overruled.

The judgment of the court is reversed, with instructions to overrule the demurrer.