[Civ. No. 108. Fourth Appellate District.—July 30, 1930.]

F. N. ESTRADA, Respondent, v. QUEEN INSURANCE COMPANY OF AMERICA (a Corporation), Appellant.

Utley & Nuffer for Appellant.

Frank Birkhauser for Respondent.

BARNARD, J.—This is an action on a contract of insurance. On or about June 10, 1927, at Brawley, California, the defendant insurance company, through its agent, issued a policy of fire insurance to F. N. Estrada, covering

certain pool-hall fixtures and equipment. The property covered was destroyed by fire early in the morning of July 5, 1927. There is evidence that on that day Estrada notified the agents of the insurance company that the property had been destroyed by fire during the previous night. On July 7, 1927, one E. L. Thomas, an adjuster for said insurance company, arrived at Brawley, and was introduced to Estrada by the insurance agent, who handed to the adjuster a list of the fixtures and equipment insured, which list had been furnished the agent by the insured when the insurance was applied for. Thomas and Estrada went to the scene of the fire and, with the list of fixtures and equipment before them, checked over the debris. Estrada pointed out where each article had stood, and Thomas was able to check and locate all articles that had metal connected with them, including the billiard tables, which were identified by their slate beds. Thomas testified that on the morning of July 7, 1920, he requested Estrada to furnish evidence by affidavit showing ownership of the property, and from whom it was purchased. Estrada testified that this request was made on or about August 10, 1927, and the court has so found. The evidence further shows that Estrada secured such an affidavit on August 13, 1927, but the same was not presented to Thomas, or to the company, until the second week in September, 1927, and more than sixty days after the date of the fire. At that time Thomas refused to accept said affidavit, for the reason that the sixty-day period within which plaintiff must present his preliminary proof of loss, had expired. On September 26, 1927, a formal proof of loss was mailed to the insurance company. The insurance policy in question provides as follows:

"Within sixty days after the commencement of the fire the insured shall render to the company at its main office in California named herein preliminary proof of loss consisting of a written statement signed and sworn to by him setting forth: (a) his knowledge and belief as to the origin of the fire; (b) the interest of the insured and of all others in the property; (c) the cash value of the different articles or properties and the amount of loss thereon; (d) all encumbrances thereon; (e) all other insurance, whether valid or not,

covering any of said articles or properties; (f) a copy of the descriptions and schedules in all other policies unless similar to this policy, and in that event, a statement as to the amounts for which the different articles or properties are insured in each of the other policies; (g) any change of title, use, occupation, location or possession of said property since the issuance of this policy; (h) by whom and for what purpose any building described, and the several parts thereof, were occupied at the time of the fire.''

This action was brought, resulting in a judgment for the plaintiff, from which judgment the defendant has appealed. All of the questions raised on this appeal center about the question as to whether the failure of the plaintiff to make such preliminary proof of loss within sixty days from the date of the fire, was caused by the acts of the agents of the company; in other words, as to whether strict compliance with such provision of the policy has been waived. Appellant relies on such cases as *White* v. *Home Mutual Ins. Co.*, 128 Cal. 131 [60 Pac. 666], which hold that such a provision must be complied with when no waiver of the same is alleged or proved. In the case just mentioned, the court said: ''It will be borne in mind that no attempt is made by the pleader to set out facts constituting a waiver.'' But the rule is to the contrary when such a waiver is alleged or proved. In 14 Cal. Jur., page 576, the rule is thus stated:

''Any conduct on the part of the insurer which tends to create a belief in the mind of the claimant under the policy that notice need not be given or that proofs of loss will be unnecessary, operates as a waiver of a policy provision requiring such notice or proofs; . . . Thus proof of loss is waived by denial of liability, or by a statement by the adjuster that proofs are unnecessary and that the loss will be adjusted without them, or by a statement by the insurer's agent, after loss, that he would attend to giving notice, followed by the appearance of an adjuster, . . .''

That rule is followed in *McCollough* v. *Home Ins. Co.*, 155 Cal. 659 [18 Ann. Cas. 862, 102 Pac. 814, 915.] In that case, the court said:

''The policy contained the usual clause requiring the insured to furnish sworn proofs of loss within sixty days

after the fire. This condition was not complied with, but the court found, following plaintiff's averment, that oral notice and proof were given by plaintiff within four days after the fire, and that the defendant then and there waived written notice and proof. There was evidence to the effect that, within the sixty days allowed for proofs, the plaintiff had an interview with one Layng, an adjuster for the company; that at this interview Layng and he went over the items of loss claimed in an effort to arrive at the value of the property destroyed, and that at this time Layng stated to plaintiff that the proof 'ought to be sworn to, but it was not necessary.' . . . 'He said it didn't make any difference, he would go ahead and settle just the same.' The plaintiff testified that he failed to make formal proofs because of these statements. At various times thereafter McCollough and Layng had discussions regarding the amount of loss, but no denial of liability was made by the company until more than sixty days had elapsed from the time of the fire.''

 Whether such a provision of an insurance policy has been waived, is a question of fact. (*Wheaton* v. *North British & M. Ins. Co.*, 76 Cal. 415 [9 Am. St. Rep. 216, 18 Pac. 758]; *Benninger* v. *Phoenix*, 57 Cal. 644.) It is not necessary that the complaint shall allege a waiver by that name, it being only necessary that the complaint set forth facts which constitute a waiver. (*White* v. *Home Mutual Ins. Co.*, *supra.*) We think such a waiver is sufficiently alleged by the complaint herein, as follows:

''That thereupon said E. L. Thomas requested plaintiff to submit and furnish to him as such adjuster, agent and representative of said defendant, evidence of his title to said property, and informed plaintiff at said time and place aforesaid that except for such evidence of title aforesaid, nothing further would be required of him the said plaintiff; that plaintiff relied upon the statements of said E. L. Thomas . . . That the delay in the presentation to said defendant of such written formal notice and proof of loss under date of September 26, 1927, was due to and caused by the act of said E. L. Thomas, the agent, adjuster and representative of said defendant.''

The court found those allegations to be true, and it remains only to see if those findings are supported by the evidence. The record shows evidence of the following facts: The respondent reported the fire to the agent who had written the policy, on the morning of the 5th, and asked him what it was his duty to do; the agent said he would wire for an adjuster to come; when the adjuster came two days later, the agent told the plaintiff that "Mr. Thomas was the company representative and that he would attend to such matters as were necessary from the company's standpoint, to adjust the loss"; that Thomas, taking the list of the articles which had been furnished to the agent by respondent, went to the scene of the fire with the respondent and checked over the list of articles with the debris. At the request of Thomas, the respondent pointed out where each article had stood in the building. In regard to what Thomas said on that occasion, the respondent testified: "After we got through with going over the ruins of the fire, I asked him if there was anything else for me to do and he told me there was nothing else to do, I had done all that was required for me to do and he would see that everything went through nice." He further testified: "I saw him the following week in the Barbara Worth Hotel in El Centro and asked him about the insurance money and he patted me on the back and said 'Never mind, you will get your money all right, I will see that you get your money; it takes a little time, you know.' " He then testified that he saw Thomas again the following week, when he said: " 'you will get your money, Estrada, don't worry,' I will see that you get your money, that is my business, I am paid to do that.' " He further testified the next time he saw Thomas, he asked him to procure some evidence of his title to the property, something to show that the property belonged to him at the time. He procured an affidavit from his brother, who was the former owner of the property, and tried to see Thomas every week, including one trip to San Diego for the purpose. Not finding him, he placed the affidavit in the hands of his attorney. His attorney was unable to locate Thomas until September 10th, at which time the adjuster refused to receive the proof of title, stating

that the respondent had failed to furnish a proof of loss in time.

In this connection, appellant argues as follows: "It is both alleged in the amended complaint and testified to by the plaintiff himself, that Thomas did demand proof of title to the property, and if he asked for such proof it certainly was not waived, *although the testimony of the plaintiff, if believed, is to the effect that Thomas' waived proof of loss in other respects,* but there is no testimony whatsoever that he waived proof of loss in so far as the title to the property was concerned. . . . There is no allegation of waiver particularly as to the proof of title, neither is there a finding to such an effect." It is thus argued that the evidence of title was a part of the proof of loss. It is obvious that the proof of title was no part of the preliminary proof of loss, and that appellant had no right to demand such proof as a part of the preliminary proof of loss. As above quoted, the policy fixed what the preliminary proof of loss should contain. While it was to contain a statement as to what interest the insured had in the property, it did not require that it should be accompanied with formal evidence of such title. While the company, without doubt, could satisfy itself in that respect before paying the claim, it was no part of the preliminary proof of loss. It related to something else which would come later. And appellant admits in the portion of the above quotation from its brief which we have italicized, that the testimony of the plaintiff is sufficient, if believed, to show that proof of loss was waived, except for demanding evidence of title.

By making no objection on account of the absence of notice and preliminary proof, and going on to a matter that was concerned with the payment of the claim, and had no connection with complying with the provision calling for preliminary proof of loss within sixty days, we think the company, through its authorized agent, waived this provision and that the insured had a right to rely upon this manifestation of intention to dispense with the preliminary formalities. (*Carroll* v. *Girard F. Ins. Co.*, 72 Cal. 297 [13 Pac. 863].) We may add that one of the witnesses testified that when Thomas refused to receive the evidence

of title, on the ground that preliminary proof of loss had not been made on time, the following occurred:

"I asked him if he was not supposed to be looking after the matter, as both the agent for the company and the insured, and he said, he was supposed to look after it only for the company, that it was up to the insured to take care of his own affairs. I called his attention to the fact that Estrada had told me that he had informed Estrada that there was nothing more for Estrada to do until the last time, when he told me he wanted this proof of title to the property, and he said, 'Well, he may have understood it that way, but we are simply supposed to look after the matters for the company.' "

This comes very close to being an admission as to what he had told the respondent.

The court has found that the allegations in the complaint which have heretofore been quoted were true. There is sufficient evidence to sustain this finding, and we think the facts constituted a waiver of the provision in question. The appellant company made no denial of liability until it was considered too late to file a preliminary proof of loss, and liability was then denied only on that ground.

The judgment appealed from is affirmed.

Cary, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 25, 1930.