[Civ. No. 325. Fourth Appellate District.—July 27, 1931.]

LYMAN BERGERON et al., Respondents, v. THE EMPLOYERS' FIRE INSURANCE COMPANY (a Corporation), Appellant.

Percy V. Long and Bert W. Levit for Appellant.

Coker F. Rathbone and Aldrich & Mack for Respondents.

BARNARD, P. J.—The defendant insurance company issued to one Nettie E. Ratchford a policy of fire insurance covering certain property in Taft, California. The plaintiffs herein held a mortgage on the property, and a mortgage clause in their favor was attached to the policy. The insured property was destroyed by fire on February 7, 1928, while the policy was in force. Subsequently, Nettie E. Ratchford conveyed the property to the plaintiffs and assigned to them all of her rights under the insurance policy. This action was brought to recover for the loss sustained. The policy contained the following provisions:

"The insured . . . shall submit to examination under oath, as often as required. . . . "

"No suit or action on this policy for the recovery of any claim shall be sustained until after full compliance by the insured with all of the foregoing requirements. . . . "

In its answer the defendant alleged as follows:

"That said Nettie E. Ratchford failed and/or refused to submit to said examination under oath or to any examination under oath and said Nettie E. Ratchford did not appear at the time and place specified for said examination under oath nor give any excuse for her non-appearance; that said Nettie E. Ratchford never since nor before nor at any time has offered to submit to any examination under oath."

The action was tried before the court without a jury, and judgment was given for the plaintiff, based upon findings of fact. This appeal comes before us upon the judgment-roll alone.

The court found that the insurance policy in question contained the provisions above quoted, and also that the said Nettie E. Ratchford was duly notified in writing that she was required to submit to an examination under oath

at the city hall in Taft, California, on July 14, 1928. The court also found as follows: "that said Nettie E. Ratchford on and prior to the 14th day of July, 1928, was ill and unable to get out of bed; and was unable to attend to her business affairs because of her illness; that said Nettie E. Ratchford was justified by her illness in not submitting to the examination as was required by said defendant company on the 14th day of July, 1928, and that shortly after said date, the said Nettie E. Ratchford was obliged, because of her illness, to, and did leave the City of Taft, California, and go to the City of Ventura, California and remain there because of her health." No other findings in reference to the point in issue were made. The only point raised by appellant is that these findings do not support the judgment, in that they do not show that Nettie E. Ratchford submitted herself to examination under oath when required to do so, and that they do not show a reasonable excuse for her failure to comply with that provision of the policy.

 Respondents, while conceding that Nettie E. Ratchford did not submit herself to an examination under oath, and while admitting the validity of the provisions for examination contained in the policy, seek to justify the failure of the insured in this respect, upon two grounds. It is first claimed that the notice itself was insufficient, as it did not specify the person before whom the examination would be held. Even if such a requirement were assumed, the notice is not before us and the court found that the insured was duly notified. This contention need not be further considered. The main reliance of respondents is placed upon the contention that the time and place set for the examination were not reasonable as to the assured, in view of her illness at that time, and that this illness excused her from appearing. Respondents devote most of their argument to the discussion of whether the particular time and place set were reasonable so far as the insured is concerned, in view of her illness. However, the real question presented is not as to the reasonableness of the time and place set, but is whether an insured, after receiving such a notice, may ignore the matter entirely, and, without either notifying the company of the reason for his nonappearance or offering to submit to an

examination at some other time and place, proceed to trial, with nothing further being done in reference to the desired examination. In other words, the question is whether the court's findings that Nettie E. Ratchford was on and prior to that particular day ill and unable to get out of bed and unable to attend to her business affairs, and that shortly after that day she was obliged, because of her illness, to move to Ventura and remain there because of her health, are alone sufficient to excuse compliance with the insurance contract and to sustain the judgment. We think this must be answered in the negative.

It is settled in this state that an insured, if required to do so by a proper notice, shall submit to an examination under oath, and that this is a condition precedent to any right of action (*Hickman* v. *London Assur. Corp.*, 184 Cal. 524 [18 A. L. R. 742, 195 Pac. 45]). In that case the court said:

"The demand was made upon him by virtue of the stipulation in the contract and by the stipulation alone must his refusal be judged. The stipulation constituted a promissory warranty under which appellants had the right to demand compliance by respondent 'as often as required,' and the performance of such stipulation was a condition precedent to any right of action. No question was raised as to the sufficiency of the demand, or, aside from the claim of privilege, as to the reasonableness of the time and place designated in the demand. The obligation to perform the warranty was as binding on respondent as his obligation to pay the premiums on the policies. The respondent did not fulfill his obligation, and stands here as having recovered a judgment upon an express contract one of the conditions of which he has failed to perform. In other words, when he commenced this suit he was without a cause of action."

The respondents rely upon the cases of *Phillips* v. *Protection Ins. Co.*, 14 Mo. 220, *Pierce* v. *Globe & Rutgers Fire Ins. Co.*, 107 Wash. 501 [182 Pac. 586], *Pearlstine* v. *Westchester Fire Ins. Co.*, 70 S. C. 75 [49 S. E. 4], and *Central National Fire Ins. Co.* v. *Black*, 220 Fed. 8, as sustaining their position. None of these cases have that effect. In the Phillips case a notice to appear for examination was served on the assured just as he was leaving home for the purpose of taking his sick child beyond the range of a

cholera epidemic, which was then raging near the scene of the fire. Subsequently, however, and before suit was filed, the insured returned and offered to submit to examination, which offer was refused by the company. In the Pierce case, even if it were conceded to be authority in this state, the place set for the examination was held as unreasonable, as not being the place where the fire occurred. In the Pearlstine case it was held that the assured was not. excused from appearing for an examination because he had fled the country to avoid arrest. The case of *Central Fire Ins. Co.* v. *Black* has no bearing upon the question before us on this appeal.

Conceding that the illness of this assured excused her attendance for examination at the particular time and place set, the fact remains that the appellant had done all that it was required to do to set in motion the policy provisions for an examination of the insured under oath, and it was then incumbent upon the insured to endeavor to comply with the contract as soon as she was able to do so, by offering to submit to such an examination at a later time. That she was justified by her illness in not submitting to an examination at the place and time named, is not a sufficient excuse for not submitting to such an examination at some other time, and if necessary, at some other place. No reason appears why she could not have been examined at Ventura, had she been willing. She could not ignore the notice and proceed to trial in disregard of the plain provisions of her contract. Not knowing of the existence of any reason for her nonappearance at the place and time set, the appellant would not be called upon to give a further notice, or to take further steps to secure the desired examination. In the absence of facts showing that her disability continued to the time of trial, or that in some way the burden of making a new demand was shifted to appellant, the respondents have not brought themselves within the established rules. We conclude that the findings of the court, standing alone, are not sufficient to excuse compliance with the contract and to sustain the judgment.

While the court found that the insured executed a conveyance of the property on July 18, 1928, four days after the time set for her examination, which might indicate that

a complete disability was not continuous, the evidence not being before us, we are unable to tell what the facts are in that regard, and for that reason we think the case should be retried.

The judgment is reversed and the case remanded for a new trial.

Marks, J., and Griffin, J., *pro tem.*, concurred.