## DICKINSON et al. v. GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, Limited.

### No. 10501.

Circuit Court of Appeals, Ninth Circuit.

Feb. 1, 1945.

Rehearing Denied Feb. 26, 1945.

J. Oscar Goldstein and Burton J. Goldstein, both of Chico, Cal., for appellants Dickinson.

J. Oscar Goldstein and Burton J. Goldstein, both of Chico, Cal., and Erling S. Norby, of Marysville, Cal., for appellant Kemp.

Milton M. Hogle, of Willows, Cal., for appellant Fereva.

Myrick & Deering and Scott and James Walter Scott, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee, herein called the insurer, sued under the federal Declaratory Judgment Act, 28 U.S.C.A. § 400, to obtain a declaration of rights under a policy of automobile liability insurance issued by it to appellant Fereva. In addition to the insured, the complaint named as defendants Charles and Doris Dickinson and William Kemp, all three of whom had been injured in an accident involving the automobile covered by the policy. The relief asked was a declaration that the insurer was under no obligation to the insured or to the injured persons by reason of the alleged failure of the insured to give written notice of the accident within the period prescribed by the terms of the policy.

At the time of the institution of the suit the Dickinsons had already recovered a judgment against the insured in an action brought in the state court.[1] A similar tort action had been brought by Kemp but his suit appears to have remained undetermined as of the date of the trial.[2] In their answers the insured and the injured persons alleged the giving or the waiver of notice, and they prayed affirmative declaratory relief. The Dickinsons filed also a cross claim asking for judgment against the insurer in the amount of their subsisting judgment against Fereva. There were later amendments to the answers, in which amendments it was asserted that the insurer was by long custom estopped from relying upon the provisions of the policy requiring written notice.

Demands for a jury trial on all issues were made by the defendants in conformity with Rule 38(b) of the Federal Rules, 28 U.S.C.A. following section 723c, and a jury was accordingly empaneled.[3] Upon the trial two verdicts were returned, one being a general verdict in favor of the insured and Kemp, the other being a verdict in favor of the Dickinsons for the amount of their judgment previously obtained against the insured. Treating the verdicts as purely advisory, the trial court rejected them and declined to make findings or to enter judgment in harmony therewith. Instead, the court made findings against the defendants on all issues and entered judgment as prayed by the insurer.

The primary question on the appeal is whether this treatment of the verdicts was error. We think it was. The right to a jury trial of factual issues ordinarily triable to a jury is expressly preserved by the declaratory judgment statute.[4] In the absence of the procedure for declaratory relief it is plain that the issues here litigated could have been developed only in an action at law on the policy. A party may not, merely by reversing the normal procedure, deprive his adversary of the right which would otherwise be his to have his case determined by a jury. Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 448, 131 A.L.R. 208; Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225.

The issues here tried pertaining to the giving and to the waiver of notice are basically legal. The issue of estoppel in pais tendered in the amended answers, while equitable in origin, has long been one cognizable as of course in the courts of common law. In this case the issue was submitted to the jury under appropriate instructions, and we do not doubt it was the jury's exclusive province to decide it. Kellogg-Mackay-Cameron Co. v. Havre Hotel Co., 9 Cir., 173 F. 249; Smith v. Royal Ins. Co., 9 Cir., 93 F.2d 143, 146; City of Ironton v. Harrison Const. Co., 6 Cir., 212 F. 353; Letta v. Cincinnati Iron & Steel Co., 6 Cir., 285 F. 707; E. E. Taenzer & Co. v. Chicago, R. I. & P. R. Co., 6 Cir., 170 F. 240; Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L.Ed. 617.

In Insurance Co. v. Wilkinson, supra, which was an action to recover on an insurance policy, a defense of misrepresentation in the procurement of the policy was countered by evidence tending to prove an estoppel. The Court at page 233 of the opinion in 13 Wall., 20 L.Ed. 617, said: "It is in precisely such cases as this that courts of law in modern times have introduced the doctrine of equitable estoppels, or, as it is sometimes called, estoppels in pais." After defining the estoppel principle, the Court added that "although the cases to which this principle is to be applied are not as well defined as could be

---

[1] This judgment was in the amount of $5,000 plus costs.

[2] In this and in the Dickinson suit the insurer defended under a reservation of rights.

[3] For the effect which such a demand has on all subsequent proceedings consult Rule 39(a).

[4] Cf. also Rule 57 of the Federal Rules.

wished, the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice or establish a dishonest claim." [5]

It remains briefly to consider the evidence in order to determine what disposition should be made of the case. The policy required written notice of accident to be given the insurer or any of its authorized agents "as soon as practicable." There was abundant evidence to justify the jury's implied finding of a waiver of the requirement.

■ Preliminarily it is to be observed that certain provisions of the Insurance Code of California are controlling, since the policy was issued in that state and the accident occurred there. Section 551 of the Code, St.Cal.1935, p. 510, provides that except in the case of life, marine, or fire insurance, notice of an accident or injury may be given at any time within 20 days, and that no requirement of notice within a less period shall be valid. Section 553 provides that "all defects in a notice of loss, or in preliminary proof thereof, which the insured might remedy, and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection, are waived." And section 554 of the Code provides that delay in the presentation of notice or proof of loss is waived if the insurer omits to make objection promptly and specifically upon that ground. Consult further Ramirez v. United Firemen's Ins. Co., 46 Cal.App. 451, 454, 189 P. 309; Estrada v. Queen Ins. Co., 107 Cal.App. 504, 510, 290 P. 525.

■ The accident, which was at first thought trivial, occurred February 25, 1940. The insured testified that he orally notified the insurer thereof within three to seven days, and that no objection to the form of the notice was made either then or thereafter. It is apparent that abundant time remained in which to remedy any formal or other defects in the notice actually given. Apart from this testimony, there was other evidence pointing strongly in the direction of an implicit waiver of the policy requirement, such, for example, as the receipt without objection of a written notice prepared and signed in April, 1940, in the office of a representative of the insurer to whom the insured had been referred by the company. There was, moreover, evidence of a custom of the insurer, known to and relied on by the insured, of accepting oral notice of accident.

The judgment is reversed with directions to enter a judgment or judgments in conformity with the verdicts.

WILBUR, Circuit Judge (concurring in part and dissenting in part).

I cannot agree that the verdicts of the jury should be reinstated and given effect by the requirement that the lower court render judgment in conformity therewith. The trial judge set aside the verdicts and made its own findings of fact to the effect that no notice, either oral or written, was given to the Insurance Company by the insured; and rendered judgment in its favor. It was admitted that no timely written notice was given. Assuming that this treatment of the jury's verdicts was erroneous, it does not follow that, if we reversed the judgment of the trial court based on its findings of fact, we should reinstate the jury's verdicts which the trial court rejected because of an erroneous view of his authority. The appellants have not asked that this be done. They each pray that the judgment of the trial court be reversed. In this circuit that implies a request for a new trial. See Indemnity Ins. Co. v. Levering, 9 Cir., 59 F.2d 719, 720. Moreover, the propriety of reinstating the verdicts and ordering judgment thereon has not been briefed or argued.

I agree with my associates that the decree should be reversed, but I am of the opinion that the lower court should be ordered to grant a new trial.

---

[5] In Kirk v. Hamilton, 102 U.S. 68, 77, 26 L.Ed. 79, decided in 1880, the Court observed with approval the "increasing disposition to apply the doctrine of equitable estoppel in courts of law."