[Civ. No. 19784. First Dist., Div. Three. Feb. 13, 1962.]

MARINA BEASLEY et al., Plaintiffs and Appellants, v. PACIFIC INDEMNITY COMPANY et al., Defendants and Respondents.

Benjamin Warwick and Myron R. Cataldo for Plaintiffs and Appellants.

Augustus Castro for Defendants and Respondents.

DRAPER, P. J.—In this action upon a fire insurance policy, defendants' motion for nonsuit was granted. Plaintiffs appeal from the ensuing judgment of dismissal.

The policy required filing of sworn proof of loss within 60 days after the loss, and also required that the insured, when required by the insurer, submit to an examination under oath and produce "all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost." It is conceded that these requirements, if not waived by the insurer, are conditions precedent to an action on the policy. Nonsuit was granted upon the ground that neither condition was met.

The fire which damaged the insured equipment occurred October 17, 1956. An independent adjuster employed by defendant, and who had adjusted a previous fire loss of plaintiffs, inspected the premises and interviewed plaintiffs the next day, and had several additional conversations with either or both plaintiffs over some period thereafter. There is evidence (although contradicted by the adjuster when called under Code Civ. Proc., § 2055) that he told one plaintiff not to do anything, not to worry, that he would take care of everything, to leave it to him, and that it would take a little time to investigate the fire. Some six weeks after the fire, plaintiffs consulted an attorney. On December 19, after the 60-day period, he wrote the adjuster "This will confirm our understanding that the Beasleys may have until January 10, 1957 in which to file a Proof of Loss." The letter is the only evidence of this extension, and there is no showing of any conversation or correspondence which it "confirmed," nor of any statement by the adjuster limiting to January 10 any waiver he may have made. A proof of loss was executed and forwarded by plaintiffs January 21, 96 days after the fire. On January 30, the adjuster returned the proof, pointing out "defects" in it, including the time of its filing. On February 8, plaintiffs' attorney again filed this proof, apparently modified and amended. The complaint pleaded a waiver of the time limit for filing proof of loss.

■ In general, failure to file the proof within the time limited by the policy is fatal to an action upon it (*White* v. *Home Mutual Ins. Co.*, 128 Cal. 131 [60 P. 666]). But the insurer's right to rely upon the time limitation may be waived (Ins. Code, § 554; *Savage* v. *Norwich Union Fire Ins. Soc.*, 125 Cal.App. 330 [13 P.2d 955]). ■ Whether there has been such waiver is a question of fact (*Estrada* v. *Queen Ins. Co.*, 107 Cal.App. 504 [290 P. 525]). ■ Consistently with their abhorrence of forfeitures, the courts look favorably upon claims of such waiver (*Bank of Oroville* v. *Minnesota Fire Ins. Co.*, 132 Cal.App. 510, 517 [23 P.2d 83]). It may be noted that in *Savage* a "nonwaiver agreement" had been executed, but a finding of waiver was upheld. ■ We are satisfied that the evidence and the inferences which might be drawn from it required that the issue of waiver of delay be submitted to the jury.

The second ground of the motion for nonsuit was the claimed failure of plaintiffs to comply with the policy requirement that they produce their records. In response to written

demand dated March 7, 1957, both plaintiffs appeared for examination under oath. The transcript of this proceeding was not introduced in evidence, but defense counsel read portions of it into the record in cross-examination of plaintiffs. The trial transcript shows that this out of court examination covered at least 141 pages, but only a small portion of it was read into the record now before us. It is plain that plaintiffs stated in this examination that their invoices were destroyed in the fire. They testified to the same effect at trial. Mr. Beasley testified that he was "the laboring crew of the restaurant," and that his wife "handled all the business and the paper work." However, he did admit, on cross-examination, that an independent accountant had what were variously described as "books," "records," or "books or records or checkbooks" which the witness had picked up from the accountant about a week before trial. These records, whatever they were, were not introduced in evidence. Defendant argues that these records, although not in the record, were material to its investigation in that they would show the costs of the equipment and also the financial status of the business, the latter being relevant to the pleaded defense that plaintiffs had set the fire.

▮▮▮ The standard policy provision requiring production of records and submission to examination is valid, and compliance with it is a condition to recovery on the policy (*Hickman* v. *London Assurance Corp.*, 184 Cal. 524 [195 P. 45, 18 A.L.R. 742] ; *Robinson* v. *National Auto etc. Ins. Co.*, 132 Cal. App.2d 709 [282 P.2d 930] ). It is obvious, however, that only the possible is required (see *Bergeron* v. *Employers' Fire Ins. Co.*, 115 Cal.App. 672 [2 P.2d 453] ).

▮▮▮ Invoices for the equipment clearly were material, and an unexplained refusal to produce them would be fatal to plaintiffs' cause of action. But both plaintiffs testified that the invoices were destroyed by the fire. The truth of this testimony was not to be determined on motion for nonsuit. The claim that the somewhat vaguely described records in the accountant's hands would have given this information is not sufficient, on motion for nonsuit, to overcome the testimony of Mrs. Beasley that she answered all questions to the best of her ability. Mr. Beasley's testimony substantiates his claim that his wife did "the headwork," but it is not clear as to what records the accountant held. It may be inferred from his testimony that these records would show the prices of the several pieces of equipment, and might also show profit and

loss figures, but these inferences are not compelled as a matter of law. ■ Decision as to which of two contrary inferences is to be drawn is not to be made at the nonsuit stage. ■ Similarly, although plaintiffs admitted that they knew the names of some of the sellers of their equipment, they also explained that these firms had moved or ceased to exist, thus making it impossible to secure duplicate invoices. Plaintiffs also, at their examination under oath, said that they did not know the full names and addresses of certain employees. They did not later supply them. At trial, they explained that these were part-time employees who were "motorcycle kids" and whose full names and whereabouts they never knew.

From this summary it is clear that determination of fact issues is essential to a conclusion as to the sufficiency of plaintiffs' cooperation under the policy clause. If the question on appeal were the sufficiency of the evidence to sustain findings of fact adverse to plaintiffs, the appeal would fail. But that is not the issue. ■ Under the established and familiar rule, a nonsuit may be granted only when there is no material issue of fact. ■ When the evidence is in conflict upon material issues, whether that conflict is created by direct evidence or by inference, nonsuit cannot be granted.

Judgment reversed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied March 5, 1962.