Khalil AYUOB, d/b/a Commercial
Textile Center, Plaintiff,

v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE
COMPANY, Defendant.

Mounir KARIM, Plaintiff,

v.

CONTINENTAL INSURANCE
COMPANY, Defendant.

Ali NASSER and Mohamed Nasser,
d/b/a Wonderway Textile
Center, Plaintiffs,

v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE
COMPANY, Defendant.

FARDOUN & EZZEDDINE
CORP., Plaintiff,

v.

CONTINENTAL INSURANCE
COMPANY, Defendant.

Imad FARHAT a/k/a Wissam Farhat,
d/b/a Wissam Farhat Store, Plaintiff,

v.

CONTINENTAL INSURANCE
COMPANY, Defendant.

Nos. 84 CIV 5514 (LBS), 84 CIV 5516
(LBS), 84 CIV 5517 (LBS), 84 CIV
5519 (LBS) and 84 CIV 5591 (LBS).

United States District Court,
S.D. New York.

Feb. 15, 1985.

714

Weg & Myers, P.C., New York City, for plaintiffs; Ira M. Myers, New York City, of counsel.

Salon, Marrow, Dyckman & Trager, New York City, for all defendants; Leslie Trager, New York City, of counsel.

## OPINION

SAND, District Judge.

These five actions were brought by plaintiff-insureds to recover on insurance policies issued by defendants on property located in Liberia. Prior to the commencement of these actions, defendants served plaintiffs with notices to examine pursuant to a

standard provision found in each policy which reads:

> "The insureds, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for an examination all books of account, bills, invoices and other vouchers or certified copies thereof if the originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made."

Plaintiffs failed to comply with this request and defendants move for summary judgment pursuant to F.R.Civ.P. 56 on the grounds that such failure constitutes a material breach of the policy. *Azeem v. Colonial Assurance Co.*, 62 N.Y.2d 951, 479 N.Y.S.2d 216, 468 N.E.2d 54 (1984); *Lentini Bros. Moving & Storage Co. v. N.Y. Property Ins. Underwriting Ass'n*, 53 N.Y.2d 835, 440 N.Y.S.2d 174, 422 N.E.2d 819 (1981).

■ New York law, which governs these actions, indeed strictly enforces an insurer's right to conduct such examinations and summary judgment is granted by both state and federal courts where the insured's failure to comply is not adequately explained or excused. *Bulzomi v. N.Y. Central Mutual Fire Ins. Co.*, 92 A.D.2d 878, 459 N.Y.S.2d 861 (2d Dept.1983); *Do-Re Knit, Inc. v. National Union Fire Ins. Co.*, 491 F.Supp. 1334 (E.D.N.Y.1980).

Plaintiffs seek to escape this strict rule of New York law by offering a variety of excuses and explanations for their noncompliance. We first discuss these issues on their merits and then proceed to deal with the more troublesome question whether plaintiffs' failure to comply was "willful" and "unexcused."

■ 1. Plaintiffs submitted to preliminary interviews in Liberia prior to the filing of proofs of loss. They claim that these interviews either satisfied their examination obligations or constituted sufficient partial performance so that an unconditional dismissal of their complaints is not warranted. But these interviews were sketchy and not the type of thorough examination, after filing of a proof of loss, to which the insurer is entitled. Moreover, the policy explicitly gives the insurer the right to conduct more than one examination. As for plaintiffs' contentions that the preliminary interview entitled them to come within the scope of *Pogo Holding Corp. v. N.Y. Property Ins. Co.*, 73 A.D.2d 605, 422 N.Y.S.2d 123 (2d Dept.1979) and thus avoid an unconditional dismissal by now submitting to an examination, two observations are appropriate. First, the continued validity of *Pogo* is dubious in the light of *Lentini*. Second, in any event the extent of partial performance in *Pogo* far exceeds that of plaintiffs in this action.

■ 2. Plaintiffs urge that the defendants had already determined to deny liability prior to the requested examinations and thereby waived their right to conduct the examinations. *Beckley v. Otsego County Farmers Co-Op*, 3 A.D.2d 190, 159 N.Y.S.2d 270 (3d Dept.1957). Plaintiffs, having been granted leave to conduct and, in fact, having conducted considerable discovery on this point, have failed to present a material issue of fact on this question. The evidence discloses that it was not until plaintiffs failed to appear for the scheduled examinations that defendants disclaimed liability as to these plaintiffs. Plaintiffs claim that the defendants' institution of proceedings with respect to certain similarly situated insureds shortly after those claimants in fact appeared for examinations was a sufficient indication that defendants would reject all such claims. Plaintiffs were not entitled to rely on any such reasoning to defeat the terms of the policy. Thus, plaintiffs' allegations that they believed that the insurance companies intended to deny their claims do not present a factual issue which warrants denial of summary judgment. *Do-Re Knit,*

*Inc. v. National Union Fire Ins. Co., supra.*

■ 3. Those plaintiffs who were insured by Continental allege that they did not receive a copy of the policy jacket which contains the examination provision. This contention is without merit. The policy, together with its jacket, was delivered to the insureds' broker, who for these purposes serves as plaintiffs' agent. Thus, plaintiffs were legally on notice of the requirement of the policy. Moreover, having received notice to appear for the examination, they cannot disclaim an obligation to comply on the grounds of a lack of awareness of this requirement.

■ 4. Equally spurious is plaintiffs' claim that the notice to be examined was untimely and therefore invalid. The alleged delay of approximately one month after filing of the proof of loss in requesting the examination is adequately explained by the defendants based on logistical considerations and would in any event not negate the defendants' right to examine. Far greater delays have been held not to constitute a waiver of this right. *Lentini Bros. Moving & Storage Co. v. N.Y. Property Ins. Underwriting Ins. Assn., supra.*

■ 5. Plaintiffs contend that New York was not a reasonable place to hold the examination since the situs of the loss, as well as the plaintiffs' residence and place of business, was in Monrovia, Liberia. The authority cited for this contention, however, is extremely old and clearly not controlling in this case. For example, *Pierce v. Globe & Rutgers Fire Ins. Co.,* 107 Wash. 501, 182 P. 586 (1919), a case cited once in the last 55 years, held that the proper place to hold an examination was the place where the loss occurred when the contract was silent as to where the examination should take place. These policies, in contrast, explicitly state that the insured shall appear at such reasonable time and place as may be designated by the insurer.

Surely, Monrovia, Liberia, is not the only reasonable location at which these examinations could have been held. Indeed, as defendants urge, local conditions in Liberia, including lack of facilities and political unrest, provide further reason why its suitability as a location for the examinations was questionable.

We hold as to those plaintiffs who actually came to New York, or agreed to come, for whatever purposes after the alleged loss, that New York was not an unreasonable site for the examination. We deal *infra* with the one plaintiff, Hasan Ezzeddine, who neither came, nor agreed to come, to New York.

6. The remaining question which gives us greatest pause is whether under all of the circumstances of these cases, the plaintiffs had sufficient basis for believing in good faith that there was no obligation to submit to an examination, so that one could not characterize their conduct as "unexcused and willful refusal to comply." *Lentini, supra,* 53 N.Y.2d at 837, 440 N.Y.S.2d at 175, 422 N.E.2d at 820. If plaintiffs in good faith failed to comply, either because of the circumstances noted above or because they relied on alleged communications with defendants seeking adjournments or other relief, the New York courts would grant summary judgment conditionally, giving plaintiffs an opportunity now to submit to examination. *Catalogue Service of Westchester, Inc. v. Insurance Co. of North America,* 74 A.D.2d 837, 425 N.Y. S.2d 635 (2d Dept.1980). If the non-compliance is unexcused or willful, the dismissal is unconditional. *Lentini, Azeem, supra.*[1]

■ We conclude that the totality of circumstances present here warrant the conclusion that plaintiffs' failure to submit to examination was not such an unexplained flaunting of the policy provisions as to warrant an unconditional dismissal. We note that in *Azeem,* the New York State Court of Appeals emphasized the dilatory tactics of plaintiff's counsel and the lack of any

---

**1.** Plaintiffs contend that unconditional dismissal occurs only when the statute of limitations would bar a new action. We do not find this to be the reasoning of the cases.

excuse for non-appearance after two previously scheduled examinations had been adjourned. In *Lentini,* plaintiff failed to comply with a demand to file a proof of loss as well as to submit to examination.

Here it appears that four of the five plaintiffs either came, or agreed to come to New York. The single attorney who represents all five plaintiffs alleges that some of them did not submit to examination because the claims of two similarly situated claimants who did submit to such examinations were rejected and the insurer instituted proceedings against them shortly after the examination. Although we have rejected this reasoning as a grounds for holding that the insured is not entitled to conduct examinations, we do not find the plaintiffs' claims to be so frivolous as to warrant an absolute dismissal of an insurance claim, on grounds other than the merits of the claim, because the advice received by claimants from their attorney was erroneous, especially where no prejudice to the insurers has been shown. Moreover, it appears that some plaintiffs allegedly communicated with defendants seeking adjournment or other relief. Although defendants deny receipt of certain telexes on which some plaintiffs rely and the sending of such telexes is supported only by affidavits, we cannot resolve the factual disputes created by conflicting affidavits on a motion for summary judgment. The relevance of these alleged communications here is simply that plaintiffs assert that they were not entirely ignoring the insurers' demands.

We find that there was not present here such "wilfull" and "unexcused" disregard of the obligations to submit to examination as would warrant the draconian remedy of absolute dismissal under *Azeem* and *Lentini.*

We dismiss the five complaints subject to the rights of all five claimants to file a new action on the following terms and conditions:

1) As to the plaintiffs who found it possible to come to New York but did not submit to examination (*i.e.,* all plaintiffs except Hasan Ezzeddine), they are to tender themselves for examination by their insurers in New York within a reasonable time from the date hereof. If their insurers reject such tender or do not in fact conduct such examination within a reasonable time, they may commence a new action which will be consolidated with the other related cases pending before this Court.

2) As to Hasan Ezzeddine, he is to tender himself for examination in New York as well. On the present record, this would seem to be the preferred site for this examination being, among other things, the place where he has commenced suit and where his attorney is located. We reserve to this plaintiff, however, the right to demonstrate the infeasibility of his coming to New York and to suggest some other place, other than Liberia, having suitable facilities where he may be examined.

We reserve to defendants the right, after termination of these cases on the merits, to seek reimbursement for their costs and expenses in connection with this motion and express no opinion as to the validity of any such claim.

Settle order containing specific dates for the events set forth above.