WHITAKER *vs*. THE FARMERS' UNION INSURANCE COMPANY.

The plaintiff, on the 28th of March, applied to the agent of the defendant for insurance, who gave him a receipt acknowledging the payment of the premium, and stating that the policy was to take effect on that day at noon. The premium was not actually paid, at the time, it being agreed that the plaintiff might send it to the agent at his convenience. The property insured was destroyed by fire on the 7th of April. The premium was sent to the agent immediately after the fire, and he accepted the money, without having heard of the loss, and sent the application, together with the premium, to the defendant. The defendant thereupon, without any knowledge of the fire, forwarded a policy for the plaintiff to the agent, but subsequently, on being informed of the loss, instructed him not to deliver the same.

*Held* that when the defendant accepted the premium, and forwarded the policy to its agent for delivery, the agreement to insure was complete and ratified, as of the 28th of March; and the plaintiff was entitled to a specific performance thereof by the delivery of the policy to him and the payment of the amount of the loss.

MOTION by the defendant for a new trial. The plaintiff resided at Hale's Eddy, N. Y., on the New York and Erie rail road, and the defendants' chief place of business was at Athens, Pa.; the defendants' agent resided at Hancock, N. Y., and having called at the plaintiff's house on the 28th of March, 1857, and proposed to insure it in the defendants' company, a written application was made and signed by the plaintiff, and a receipt given, acknowledging the payment of the premium. The premium was not actually paid at the time, but it was agreed that the plaintiff might send it to the agent at his convenience. The plaintiff was told that his contract of insurance was complete from the date of the receipt, and that his policy would soon be ready, &c. The receipt was dated on the said 28th March, 1857; the house was burned on the 7th of April thereafter, and the furniture wholly or partially destroyed. The premium was sent to the agent immediately after the fire, and he accepted the money, not knowing of the fire. The company made out and sent a policy to the agent, but having heard of the destruction of the house, directed the agent not to deliver it to the plaintiff,

but to refund the premium. The agent declined to deliver the policy, and tendered the premium to the plaintiff, which the plaintiff declined to receive, and brought his action for a specific performance of the contract of insurance. The cause was tried at the Broome special term, in April, 1858, before Justice CAMPBELL, who found the above facts; also that the plaintiff had no knowledge of the specific powers given to the agent by the defendant; that there was no fraud or concealment on the part of the plaintiff; and that he was entitled to a policy on his house and furniture, to take effect from the said 28th of March, at noon. And the judge found, as matter of law, that the plaintiff was entitled to a specific performance of the agreement to insure his property, as claimed in the complaint, and to recover the damages sustained by him, with costs.

*D. S. Dickinson*, for the plaintiff.

*John J. Taylor*, for the defendant.

*By the Court*, BALCOM, J. The plaintiff's application for insurance was dated the 28th day of March, 1857, and the agreement to insure was made on that day; but the $36.50 premium, agreed to be paid for the policy, was not then paid, although the receipt taken by the plaintiff of the defendants' agent states that it was then paid. The receipt states that the policy was to take effect on the day above mentioned, at noon. The property that the defendant agreed to insure was a house and the furniture in it. The same burned in the night of the 7th of April, 1857. The plaintiff by his agent, Hotchkiss, paid to the defendants' agent the premium for the insurance on the 8th of April, 1857, without disclosing the fact that the house and furniture had been burned; and the defendants' agent, in ignorance of that fact, then sent the plaintiff's application for insurance, and the $36.50 premium to the defendant; and the defendant immediately forwarded a policy in due form, in accordance with the application, to

its agent, for the plaintiff. The policy insured the house and furniture from noon of the 28th day of March, 1857. The defendants' agent learned of the burning of the house and furniture before he received the policy, and refused to deliver it to the plaintiff. He returned it to the defendant, and tendered back the premium to the plaintiff, who refused to take it.

I have no doubt but that the policy would have been delivered to the plaintiff, and been regarded by the defendant as binding from noon of March 28th, 1857, if the house and furniture had not been burned in the night of the 7th of April. And had it been delivered, it would have been valid from the time it was made to take effect. (*Hallock* v. *The Commercial Ins. Co.*, 2 *Dutcher's N. J. Rep.* 268. 4 *Cowen*, 645.) The defendants should not be permitted to say the policy would have been good from the 28th of March, 1857, if no fire had occurred, but is void because there was a fire on the 7th of April of that year, and be allowed to repudiate its agreement to insure. When the defendant accepted the premium, and forwarded the policy to its agent, the agreement to insure was complete and ratified as of the 28th of March, 1857; and the policy became the property of the plaintiff. (2 *Dutcher*, 278, 279, *and cases there cited.*)

The judge before whom the action was tried has found that there was no fraud or concealment on the part of the plaintiff; and I think the plaintiff was under no legal or moral obligation to inform the defendant or its agent of the fire, before or at the time the premium was paid; for the agent had received the application for the insurance and given the plaintiff credit for the premium, according to the finding of the judge upon the evidence. (2 *Dutcher*, 274.) The plaintiff was entitled to have his application for insurance acted upon by the defendant, after the fire, in precisely the same manner that it would have been if no fire had occurred.

One of the conditions of the policy issued by the defendant for the plaintiff was, that no insurance should be considered

as binding until the *actual payment of the premium;* and for this reason the defendants' counsel insists that the agreement to insure, made by the agent of the defendant, was invalid. Now granting that the defendant may have refused to fulfill the agreement on that ground, (as to which I will express no opinion,) it did not do so, but ratified it by accepting the premium and issuing the policy, which insured the house and furniture from the time the agreement was made. And, as has already been seen, the plaintiff was not bound to inform the defendant or its agent that his house and furniture had been burned; and that an agreement to insure from a time past is valid. It follows that the defendant was properly adjudged liable to specifically perform the agreement to insure by delivering the policy to the plaintiff, and to pay the damages the plaintiff sustained by reason of the fire.

The defendants' motion for a new trial should therefore be denied, with costs.

CAMPBELL, J., concurred in the above opinion.

MASON, J., expressed no opinion in the case.

New trial denied.

[CHENANGO GENERAL TERM, May 10, 1859. *Mason, Balcom* and *Campbell*, Justices.]