VIRGINIA GIBBS, Appellant, *against* THE RICHMOND COUNTY MUTUAL INSURANCE COMPANY, Respondent.

(Decided April 5th, 1880.)

The charter of a mutual insurance company provided that every person who should become a member of the company by effecting insurance should, before receiving a policy, give a deposit note for a sum to be determined by the directors. Every member was to be bound for losses and expenses in proportion to the amount of his deposit note, and all personal liabilities under the mutual scheme of the organization were to be ascertained and imposed by the amount of such note. In cases of alienation of insured property the policies on the property transferred were to become void ; but the grantee or alienee, having the policy assigned to him, might have it ratified and confirmed to him, by giving security for the unpaid portion of his assignor's deposit note, and thereby be "entitled to all the rights and privileges, and be subject to all the liabilities to which the original party to whom the policy issued was entitled and subjected." *Held,* that it was not within the powers of the directors, officers or agents of the company to waive a compliance by the assured with these provisions, which were essentials of the contract; and that where property insured had been alienated, and the policy of insurance assigned to the grantee, the policy could not be revived and continued in favor of the assignee by a verbal notice of the change of title given to an agent of the company, and the subsequent receipt by the company, through such agent, of premiums from the assignee.

APPEAL from a judgment of this court, entered on findings of the judge, upon trial without a jury.

The action was brought to recover the amount of a policy of insurance against fire, issued by the defendant upon property owned by the plaintiff at the time of its destruction by fire. The facts are stated in the opinion. At the trial a jury was waived by consent of the parties, and the judge having found

for the defendant, judgment for defendant was entered on his findings.   From the judgment the plaintiff appealed.

*George De Forrest Lord*, for appellant.

*William Allen Butler*, for respondent.

J. F. DALY, J.—The policy of insurance assigned by Barrett o the plaintiff at the time she purchased from him the property insured, contained a condition that if the said property should be sold or conveyed, or if the policy should be assigned without the consent of the company, obtained in writing thereon, the policy should be null and void.   If the plaintiff had obtained the consent of the company in writing after the conveyance and assignment to her, it would have operated as a waiver of the forfeiture incurred by the transfer of title. (*Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 526).   This consent was not obtained.   The plaintiff had also, under the act incorporating the company, the privilege of obtaining a ratification and confirmation of the policy to herself, for her own proper use and benefit, as grantee and alienee of the insured property, provided she had, within thirty days next after the alienation to her, given security to the satisfaction of the directors for the unpaid portion of Barrett's premium note (Act of 1836, ch. 86, § 7).   This course was not pursued by plaintiff.   She claims, however, that the policy was revived and continued in her favor, by a verbal notice given to an agent of the company of the change of title, and the receipt by the company, through such agent, of subsequent premiums from her.

It is exceedingly doubtful whether the directors of the company, or any agent with authority from them, has power to dispense with a compliance, on the part of persons seeking insurance, of the statutory provisions requiring the giving of deposit or premium notes.

The parties insured by the company become members of the corporation, and each member is bound to pay its losses and necessary expenses *in proportion to the amount of his*

*deposit note.* The amount of such deposit note is determined by the directors, and the note is to be deposited before the policy is issued. All personal liabilities, under the mutual scheme of the company's organization, are ascertained and imposed by the amount of such note (Same act, §§ 6, 8, 9, 10, 11). In case of transfers of policies, the assignee must give security for the unpaid portion of his assignor's deposit note, and "the party causing such security to be given shall be entitled to all the rights and privileges, and be subject to all the liabilities to which the original party to whom the policy issued was entitled and subjected under this act" (Act, § 7). The legislature did not contemplate, nor authorize, any insurance by this company other than of its own members, and upon a mutual basis, and with the provision for the payment of losses and expenses detailed in the sections cited. To waive a compliance, by the assured, with these provisions, seems beyond the powers of the company; because they were essentials of the contract, and not matters of form, nor matters within the discretion of the directors to exact or not, or which admitted of any substitute for actual performance on the part of the assured. The property insured becomes pledged by the act to the company as security for the liabilities incurred, but the personal security of the members, upon their deposit notes, is the primary recourse intended by law, and there seems to be no power in the directors, officers or agents of the company to dispense with it. The legality of the exercise of such power has been considered in another state, and the conclusion reached by the court is, that the officers of a mutual insurance company have no authority to waive those provisions of the by-laws which constitute the essence of the contract (*Brewer* v. *Chelsea Mutual Fire Ins. Co.*, 14 Gray, 203 ; *Mulrey* v. *Shawmut Mutual Ins. Co.*, 4 Allen, 116). This may be said more forcibly of waiving provisions of a statute of the state, which, in the case of this defendant, provides for the making of its contracts of insurance.

The cases in this state are not in conflict with this view. In *Conover* v. *Mutual Ins. Co. of Albany* (3 Den. 254), the question discussed was the agency of the secretary to do an act,

which, by the by-laws, *the company* was to perform, viz.: give a written consent to an assignment of the policy. It was held that delegation of authority from the company to him was established by the proof. In *Masters* v. *Madison County Mutual Ins. Co.* (11 Barb. 624), it was held, under the facts disclosed, that the person who made the survey of the premises to be insured, acted as the agent of the company, notwithstanding a clause in the policy to the effect that he should be deemed the agent of the applicant; and his omission, in filling up the application, to state the incumbrances on the property, was the act, not of the assured, but of the company. The other cases cited to sustain the power of waiver are not cases of mutual insurance companies, but of corporations which were at liberty to make such contracts of insurance as they pleased, within general limits (*Trustees of Baptist Ch.* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Ames* v. *New York Union Ins. Co.*, 14 N. Y. 253; *New York Central Ins. Co.* v. *National Protection Ins. Co.*, 20 Barb. 468; *Goit* v. *National Protection Ins. Co.*, 25 Barb. 189; *Whitaker* v. *Farmers' Union Ins. Co.*, 29 Barb. 312).

It seems clear, therefore, that the directors themselves could not waive a compliance with the statute as to the giving of a deposit note; and if plaintiff had expressly notified them, as a body, of the conveyance to her, and received a new policy, without complying with section 7 of the act of 1836, the insurance would be unauthorized and ineffectual.

On the question of fact in the case, I am also of opinion that if the company and its duly authorized agent had power to dispense with the requirements of the statute, the evidence fails to show that such notice was given to Mr. Lord, the agent, by Mr. Gibbs, of the alienation of the land and transfer of the policy as would enable a court to hold that the minds of the parties met upon any point essential to a new contract. Mr. Gibbs swears that he said to the agent, referring to the renewal receipt, "This is made out in my brother-in-law's name, and you know it belongs to my wife:" and Mr. Lord said, "That is all right." Mr. Lord, on the other hand, says that Mr. Gibbs

told him " there was some alteration in the policy—some change in the policy," and that he, Lord, said " if there was any alteration about it, I referred him to Judge Metcalfe, the secretary of the company, that I had nothing whatever to do with it." The receipt for the premium then paid was made out to Alexander Barrett, and so was the next receipt, taken by Mrs. Gibbs. There is nothing in the circumstances to corroborate one witness more than the other, and as plaintiff had the *onus* of proving the notice and waiver, she failed to establish it by an oath against an oath (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464–471).

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.