[No. 15755.   Department One.—May 25, 1895.]

UNION INSURANCE COMPANY, APPELLANT, *v.* AMERICAN FIRE INSURANCE COMPANY, RESPONDENT.

FIRE INSURANCE—CONTRACT FOR REINSURANCE—EFFECT OF PRIOR LOSS.— Where an insurance company, which has insured the property of a lumber company against loss by fire, contracts for reinsurance by way of partial indemnity with another insurance company, in the absence of any circumstances indicating the mutual intention of the parties to give to the contract of reinsurance a retrospective effect, the company agreeing to insure is not liable if the property insured had been destroyed by fire prior to the agreement, though at the time of the application and

agreement neither of the insurance companies knew of the prior destruction of the property.

ID.—DATE OF INSURANCE.—The general rule is that a policy of insurance, if delivered, takes effect from its date, unless it be otherwise stated, or unless there is evidence of a contrary intent.

ID.—CONTRACTS—KNOWN USAGE OF TRADE—CUSTOM OF FIRE INSURANCE COMPANIES—PREMIUMS.—Where there is a known usage of trade, persons carrying on that trade are held to have contracted in reference to the usage unless the contrary appears, and the usage forms a part of the contract; and where it appears that it was the custom among fire insurance companies granting reinsurance to charge and collect premiums as and from the date of reinsurance, and to write their policies so as to cover the reinsured company from the date of reinsurance, the contracting companies are presumed to be familiar with their customs, and, in the absence of a showing to the contrary, to have contracted with reference to them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Carter P. Pomeroy*, for Appellant.

The prior destruction of the property originally insured did not avoid the contract of reinsurance. (Civ. Code, secs. 2527, 2531, 2546, 2646, 2648; May on Insurance, sec. 9.) The contract of reinsurance must be construed as indemnifying against an unknown liability with reference to the original contract of insurance, whether already accrued or to accrue in future. (May on Insurance, sec. 9; *Philadelphia Life Ins. Co.* v. *American etc. Ins. Co.*, 23 Pa. St. 65; *Hallock* v. *Commercial Ins. Co.*, 26 N. J. L. 268.)

*Van Ness & Redman*, for Respondent.

The custom of fire insurance companies on the Pacific Coast to reinsure, as from the date of the reinsurance, forms part of the contract of reinsurance in this case. (*Greenwich Ins. Co.* v. *Wakeman*, 22 Ins. Law Journal, 651 (see p. 655); *Brown* v. *Howard*, 1 Cal. 423; *Taylor* v. *Castle*, 42 Cal. 367, 371; *Auzerais* v. *Naglee*, 74 Cal. 60, 71.) Insurance implies the existence of the thing insured at the date of the contract, unless the intention to

the contrary appears. (*New York Bowery Fire Ins. Co.* v. *New York Fire Ins. Co.*, 17 Wend. 362; Phillips on Insurance, sec. 925; *Hammond* v. *Allen*, 2 Sum. 387.)

SEARLS, C.—This action was brought to enforce a contract of reinsurance entered into by the parties hereto on the sixth day of June, 1889. The cause was tried by the court without a jury upon the amended complaint and answer thereto, and upon an agreed statement of facts. Written findings were filed, and judgment entered thereon in favor of defendant, from which judgment plaintiff, within sixty days next after the rendition thereof, appealed.

The agreed statement of facts upon which the cause was tried, after stating that the plaintiff, on May 24, 1889, insured certain property of the Seattle Lumber & Commercial Company in the sum of four thousand dollars against loss or damage by fire, contains the following:

"3. That subsequent to the said insurance of the said property, and on, to wit, June 6, 1889, and between 3:15 and 4 P. M., the said property, so insured as aforesaid, was destroyed by fire, by reason of which said destruction of said property the said Seattle Lumber & Commercial Company lost and was damaged in a sum in excess of four thousand dollars.

"4. That on said June 6, 1889, but subsequent to the destruction of said property as aforesaid, the plaintiff notified defendant, at the office of defendant in the city and county of San Francisco, California, of its said insurance upon said property, and requested of and from defendant reinsurance thereon in the sum of one thousand dollars; whereupon defendant agreed to and did reinsure plaintiff thereon in said sum, and did agree to issue to it a policy of reinsurance in the usual form, and for the premium usually chargeable upon risks of the character assumed. That at the time of said application and agreement neither plaintiff nor defendant knew of the prior destruction of said property."

The question presented under the pleadings and stipulated facts is simply this: Did the defendant, under its agreement of reinsurance, contract to indemnify plaintiff against loss and liability for and during its original contract of insurance, or was the undertaking of defendant to indemnify plaintiff against such loss as might thereafter occur?

" Insurance is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event." (Civ. Code, sec. 2527.)

"A contract of reinsurance is one by which an insurer procures a third person to insure him against loss or liability by reason of such original insurance." (Civ. Code, sec. 2646.)

"A reinsurance is presumed to be a contract of indemnity against liability, and not merely against damage." (Civ. Code, sec. 2648.)

" When an insurer finds it prudent or convenient to protect himself from loss by reason of any liability he has assumed under a policy, he may contract with another to relieve him from that liability, and take it upon himself. This is to reinsure, and by the contract the reinsurer, except as to the matter of premium, which may be more or less than that paid on the original policy, as the parties may agree, undertakes, with reference to the first insurer, what the first insurer undertakes with reference to the insured, and subject to like rights, duties, and obligations." (May on Insurance, 3d ed., sec. 9.)

Section 2531 of the Civil Code provides that "Any contingent or unknown event, whether past or future, which may damnify a person having an insurable interest, or create a liability against him, may be insured against."

Section 2587 provides, among other things, that "A policy of insurance must specify: 1. The parties between whom the contract is made. . . . . 5. The risk

insured against; and, 6. The period during which the insurance is to continue."

In the present case, as will be seen by the agreed statement, no policy in fact issued, and the theory urged by appellant is that the reinsurance was for and during the entire term of the original insurance, and covered any unknown loss which might have occurred within said term, prior to the application for and granting of the reinsurance. Respondent, on the other hand, claims that the undertaking of the defendant was to indemnify plaintiff against such loss and liability as might occur from and after the granting of the reinsurance. The contract, according to the stipulation, was that "defendant agreed to and did reinsure plaintiff in said sum (one thousand dollars), and did agree to issue to it a policy of reinsurance in the usual form, and for the premium usually chargeable upon risks of the character assumed."

The general rule is that a policy, if delivered, takes effect from its date, unless it be otherwise stated, or unless there is evidence of a contrary intent.

If the premium be paid and the policy be not delivered till afterward, the policy takes effect by relation as of its date, even though a loss intervenes. (May on Insurance, sec. 400; *Ruse* v. *Mutual Ben. Life Ins. Co.*, 23 N. Y. 516; *Whitaker* v. *Farmers' Union Ins. Co.*, 29 Barb. 312; *Lightbody* v. *North American Ins. Co.*, 23 Wend. 18; *City of Davenport* v. *Peoria etc. Ins. Co.*, 17 Iowa, 276.)

It is said: " The circumstances and intent of the parties are to control." (May on Insurance, sec. 240.)

The same author, continuing, adds: "And where the policy was in fact a reinsurance, and was for a year, but specifying no time when the year was to begin, it was held that it began from the date of the prior policy, though that was some months prior to the issue of the latter policy." (Citing, as authority, the case of *Philadelphia Life Ins. Co.* v. *American Life Ins. Co.*, 23 Pa. St. 65.)

Referring to the case cited, it appears that on the twenty-fourth of February, 1851, the American Life Insurance Company insured the life of one Maxwell Nusbaum for two thousand five hundred dollars for one year, with the privilege of another year.

On the thirty-first day of May, 1851, the insurers obtained an insurance of one thousand dollars of their risk from the Philadelphia Life Insurance Company for the term of *one year;* but the time when the year was to begin or end was not stated.

It appeared that Nusbaum had gone to California, and had lost his life at a fire in San Francisco, May 4, 1851, which fact was unknown to the parties in Philadelphia, where the insurance was had, when the second policy issued. The court, in holding the reinsurer liable, placed its decision upon the circumstance that while the policy of reinsurance was for one year, and did not state the date at which the risk was to commence, yet as the reinsurers charged one whole year's premium, while the original policy had then only say nine months remaining, it indicated an intention to reinsure from the date of the original policy.

Lawrie, J., said: "The contract and the circumstances express themselves in seeming contradiction of each other, and our duty is to make them harmonize by construction. We cannot alter the facts to suit an inference drawn from the mere words of the policy, but we must suit the inference to the facts. Without the circumstances we would draw one inference as to the intention of the parties; with them we must draw a different one. The fact that the reinsurance was for one year on a risk running for one year from the 24th of February, and in consideration of a proportional share of the premium as from that date, settles the question, and starts the year of the reinsurance from that date."

In the present case we find no circumstance indicating the mutual intention of the parties to give to their contract a retrospective effect. The stipulated facts show that at all the times mentioned it was the

custom among fire insurance companies doing business upon the Pacific Coast granting reinsurance to other fire insurance companies to charge and collect premiums as and from the date of reinsurance, and to write their policies so as to cover the reinsured company from the date upon which the reinsurance would be granted.

Both plaintiff and defendant were fire insurance companies doing business in San Francisco, and may be presumed to be familiar with these customs, and, in the absence of a showing to the contrary, to have contracted with reference to them.

Indeed, plaintiff alleges in effect that its contract with defendant was subject to the customs in vogue and understood by insurance men, when it avers that defendant "did agree to and did reinsure plaintiff thereon in said sum, and did agree to issue to it a policy of reinsurance in the usual form and for the premium usually chargeable upon risks of the character assumed."

Where there is a known usage of trade, persons carrying on that trade are held to have contracted in reference to the usage (unless the contrary appears), and the usage forms a part of the contract. (*Brown* v. *Howard*, 1 Cal. 423; *Taylor* v. *Castle*, 42 Cal. 367; *Auzerais* v. *Naglee*, 74 Cal. 60.)

Without pursuing the authorities further we are of opinion:

1. Where the exact time of the commencement and termination of the risk are specified in the policy, or, if no policy has been written, in the contract, such specification governs.

2. Where no time has been expressly indicated the circumstances of the case will be considered for the purpose of determining it.

3. If there are no circumstances indicating the intention of the parties, and no time is specified in the contract, the risk will be deemed to have commenced at the date of the contract.

4. In the case last mentioned, if, before the contract of insurance is made, the property has ceased to exist,

although unknown to the parties, the risk never attaches.

In consonance with these views of the law we are of opinion the judgment appealed from should be affirmed.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.