**ROYAL INS. CO., Limited, v. SMITH.***
No. 7401.

Circuit Court of Appeals, Ninth Circuit.
April 22, 1935.

Percy V. Long and Bert W. Levit, both of San Francisco, Cal., for appellant.

James M. Hanley, of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The complaint in an action at law on a valued fire insurance policy upon a leasehold of plaintiff from the city (formerly town) of Belvedere, after a statement of the corporate capacity of defendant, which is appellant here, sets out that plaintiff, who is respondent in this court, "applied to the defendant for a valued policy of insurance covering loss by fire of plaintiff's interest in that certain real property in the County of Marin, State of California," which is then described. The derivation of plaintiff's supposed interest in said land from one Keil, who was the owner of "Keil Cottage" by deed conveying only the structure itself

*Rehearing pending May 20, 1935.

to Flora G. Bland and thence to plaintiff, is detailed. It is stated that from the time of the last conveyance until the date of the destruction of the cottage by fire plaintiff paid the sum of $3 per month "as and for rent for the use of said real property." The crucial paragraph of the complaint is as follows:

"III. * * * That title to the aforesaid real property is vested in the Town of Belvedere; said Town of Belvedere having acquired said title by virtue of an instrument dated September 14, 1896, recorded May 14, 1897, in Liber 45 of Deeds, Page 176, a copy of this instrument is annexed hereto, and made a part hereof and marked Exhibit 'B.'

"That under the provisions of said instrument dated September 14, 1896, the said real property hereinabove described is referred to as the 'Keil Cottage,' and the following conditions are imposed:

"'Subject to the following reservation * * * 5th: Of all rents collected by the said town for the use of any portion of said strip of land, and particularly of the land rents paid by the Keil and Magill Cottages, and the owners of the Red and White Cottages * * * also subject to the following conditions:

"'1st: That no private structure other than private wharves, out houses or bathing houses and other than the structures now upon said beach, and the structures of this company to be erected thereon, pursuant to the foregoing reservations shall ever be permitted to stand wholly or partially upon said land, and that neither of the five private residences or cottages now standing upon said beach shall be renewed in case of destruction by fire or otherwise, and that said cottages shall remain thereon as long, and subject to such conditions as shall be determined by said Town.'"

It is then alleged that plaintiff, prior to issuance of the policy, presented to defendant the documents showing his chain of title, "and particularly the instrument * * * Exhibit 'B' as representing the source and extent of his interest in the real property. Plaintiff requested the issuance of a valued policy of insurance to cover the contingencies of the loss of plaintiff's interest in the real property by the destruction of the cottage thereon by fire under the provisions of Exhibit 'B,' as set forth hereinabove in Paragraph III. That said insurance was intended to protect the plaintiff from the loss of the use and occupation of the said

real property under the reservations and conditions of the said Exhibit 'B.'

"That at the time said plaintiff applied for said insurance and presented to the defendant the aforesaid instruments as representing the extent of his interest in said real property, he knew of no other instrument, creating any other or different interest therein."

Thereupon, after an examination and investigation of these documents, the defendant issued a policy of insurance, described as Exhibit D, upon which action is brought. The following excerpt then appears:

"That the following insuring clause of said Exhibit 'D' reads as follows:

" 'This insurance is predicated upon lease to land above described held by assured from the Trustees of the City of Belvedere, California, to which there is paid a monthly rental of three (3) dollars.'

"That at all times said lease was created and arose out of the said Exhibit 'B' and the reservations contained therein as hereinabove set forth in Paragraph III, and the said policy of insurance was predicated upon the said lease as it existed under the said Exhibit 'B.' "

The allegations of performance of conditions precedent, denial of liability by defendant, and nonpayment then follow:

A demurrer to this complaint was filed and overruled. The cause was then tried before a judge without a jury, and judgment rendered for said plaintiff.

■ 1. The complaint is so founded upon the terms and conditions of the deed from the Belvedere Land Company to the town (now city) of Belvedere alone that, if that basis fail and neither leasehold nor lease to plaintiff can be spelled out between the lines thereof, no recovery can be had upon the policy under the present pleadings.

A casual reading of the applicable provisions of the deed itself makes it patent that no tenure of any kind was created in plaintiff or any of his predecessors by its terms alone. It is definitely stated therein, on the contrary, that these cottages shall remain on the land "as long and subject to such conditions as shall be determined by said Town." A more concise method of stating that the occupants of these cottages were bare licensees, dependent upon the arbitrary whim of the municipal officers after the passing of the deed, could hardly be devised.

True, plaintiff paid rent according to the allegations, to the Belvedere Land Company, instead of the town of Belvedere, apparently for convenience, but the deed reserves the "land rents" from the Keil and other cottages to that organization from the town itself. This phrase, it would seem, is synonymous with "ground rent." The latter is a specific term used to describe a rent reserved by the grantor of land in fee simple out of the land conveyed. See Kenege v. Elliott, 9 Watts (Pa.) 258, 262; Bosler v. Kuhn, 8 Watts & S. 183, 185. Here the rent was reserved out of the land conveyed to the town of Belvedere in fee by the Belvedere Land Company, and the obligation to pay it rested directly upon the municipality and not upon the plaintiff. Without question the intention appears that the rents should not be paid any longer than the town should permit the occupants to remain upon the land. It would be beside the point here to enter upon an elaborate investigation to determine whether under this language the rent was collectible or enforceable against the town. Suffice it to say that the idea of conferring any rights upon the occupants of the cottages did not enter into the field of consciousness of the grantor when the deed was made.

The defendant is therefore firmly entrenched behind the proposition that the deed upon which the complaint is founded neither conveyed nor confirmed any interest in the realty to the plaintiff, and, if construed alone, it negatives any tenure in plaintiff. If the plaintiff or any of his predecessors held by lease (see Civ. Code Cal. §§ 1941–1945), or any other claim of title of which occupancy gave notice (see Pierce v. Cleland, 133 Pa. 189, 19 A. 352, 7 L. R. A. 752), the pleadings should have set it forth instead of placing reliance upon the deed unsupported. But no hiring or renting of the real estate by plaintiff or his predecessors is referred to, even by indirection.

The soundness of this proposition of pleading may be tested by reference to the proof adduced at trial. No scintilla of evidence offered there gave indication of the existence of any express agreement of lease to Smith or any of his predecessors.

■ 3. Beyond the reliance upon the deed above referred to as a lease to plaintiff, the pleading sets out that all of the written documents including the deed were submitted to the defendant, which itself construed the interest existing in plaintiff as a lease, and therefore recovery can be based on the

contract so written. The rule of law which is the major premise in that syllogism finds support in the authorities. See Union Mutual Life Ins. Co. v. Wilkinson, 13 Wall. (80 U. S.) 222, 20 L. Ed. 617. If the complaint, moreover, showed plaintiff had an actual interest in the land, a misdescription thereof would not necessarily be fatal. Allen v. Charlestown Mutual Fire Ins. Co., 5 Gray (71 Mass.) 384, 389; Morrison's Adm'r v. Tenn. Marine & Fire Ins. Co., 18 Mo. 262, 59 Am. Dec. 299; Hatch v. New Zealand Ins. Co., 67 Cal. 122, 7 P. 411.

The difficulty arises in the fact that, as shown above, no interest subsisted in the plaintiff by the terms of the deed alone. If insurance is written upon an object which has no existence, it is void, irrespective of the knowledge of the parties. Union Ins. Co. v. American Fire Ins. Co., 107 Cal. 327, 40 P. 431, 28 L. R. A. 692, 48 Am. St. Rep. 140; Crawford v. Trans-Atlantic Fire Ins. Co., 125 Cal. 609, 58 P. 177. It would be a violation of the principles which have always governed placement of insurance, and a sound public policy, to permit recovery where there was no insurable interest, Hessen v. Iowa Auto. Mutual Ins. Co., 195 Iowa, 141, 190 N. W. 150, 30 A. L. R. 657, even if the parties had agreed thereto. If enforceable, such a policy would be a legal wager.

It must also be noted likewise that, although the complaint only makes reference to the tract of land covered by the deed above mentioned, the Keil cottage, according to the evidence adduced, was actually situate in part upon another tract of land, title to which was derived by the city of Belvedere from an entirely diverse source.

Not only the initial pleading of plaintiff, therefore, but the whole theory of his case, is vitally unsound. The complaint, owing to its adherence to the proposition that the deed above mentioned is in and of itself sufficient to show an interest of plaintiff in the land, will not support a judgment, although its terms might upon trial be some evidence of the intention of the Belvedere Land Company.

However, since the insurance company has not had an opportunity to meet and defend against any other theory of liability, the cause must be sent back for retrial. The demurrer to the complaint should have been sustained, with leave to the plaintiff to amend, if so advised.

Reversed.