## SMITH v. ROYAL INS. CO., Limited.*
### No. 8474.

Circuit Court of Appeals, Ninth Circuit.
Nov. 27, 1937.

A. B. Bianchi, James M. Hanley, and Bianchi & Hyman, all of San Francisco, Cal., for appellant.

Long & Levit, Percy V. Long, Bert W. Levit, and William H. Levit, all of San Francisco, Cal., for appellee.

*Rehearing denied Jan. 18, 1938.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

■ This case was before us on a former appeal, Royal Insurance Company v. Smith (C.C.A.) 77 F.2d 157. It was there held that the demurrer to the complaint should have been sustained because of insufficient facts, and the cause was reversed with leave to the plaintiff to amend. Subsequently the plaintiff, who is appellant here, three times amended his pleading. A demurrer to his third amended complaint was sustained without leave to amend, and he appeals.*

Essentially, his third pleading alleges that in the year 1884 one Keil, his predecessor in interest, erected on the westerly shore of Belvedere cove certain structures known as Keil Cottage. These buildings were, in the main, on a strip of land which will be referred to as the first parcel. The remainder and minor part were upon a portion of lot 21, adjoining. As to the first parcel, Keil owned the title in fee, or claimed to own it. After the erection of the improvements a dispute arose between him and the Belvedere Land Company concerning the ownership of the land. The parties composed the dispute in a written agreement which the plaintiff on information and belief alleges has been lost or destroyed. In this instrument Keil transferred his interest in the fee to the Belvedere Land Company, and the latter in turn released to Keil all claim to the improvements and agreed to allow him, as its lessee, to maintain the improvements upon the real property in consideration of the payment of $3 per month or the yearly payment of $36, Keil to have the exclusive possession and use of the ground until such time as the improvements should be destroyed by fire, or otherwise. In 1897 the Belvedere Land Company conveyed this parcel to the Town of Belvedere for use as a public beach. The town, it is alleged, took with knowledge of Keil's existing rights. A copy of the instrument of conveyance by which the town acquired the land is attached to the complaint as an exhibit. It reserved to the grantor "all rents collected by the said town for the use of any portion of said strip of land and par-

ticularly of the land rents paid by the owners of the Keil, Crocker and Magill cottages, and the owners of the Red and White Cottages." One of the conditions of the grant is that "neither of the five private residences or cottages now standing upon said beach shall be renewed in case of destruction by fire or otherwise and that said cottages shall remain thereon as long as and subject to such conditions as shall be determined by said town." The ground rent continued to be paid to the land company by Keil and his successors in interest, including plaintiff, down to May, 1932, when the Keil cottage was destroyed by fire.

As to the occupied portion of lot 21, it is alleged that in 1909 Keil entered into a lease with the testamentary trustee of one Coleman, the latter being the owner in fee of that lot, wherein Keil obtained from the Coleman trustee a year to year lease, terminable on the giving of thirty days' notice. In 1923 the Coleman title to the land was conveyed to the Town of Belvedere, subject to the existing rights of plaintiff's predecessors.

By intermediate conveyances, plaintiff in October, 1928, became the owner of all the right, title, and interest of Keil in the real property and improvements. There are averments that subsequently plaintiff made extensive alterations in the existing structures, at large cost; that he applied for permission from the Town of Belvedere to make these alterations and that the town gave its written consent; that the alterations were of benefit to the town; and that there was an understanding between plaintiff and the town to the effect that he would not be disturbed in the exclusive possession of the premises and improvements unless the same should be totally destroyed by fire, or otherwise.

It is then alleged that in July, 1929, the plaintiff, being desirous of protecting his tenure, applied to the defendant insurance company for a policy insuring against the loss of his tenure in the said realty by reason of the destruction of the improvements by fire; that he fully advised the defendant of all the facts heretofore related; that a valued policy in the sum of $15,000 was issued to him, effective for the term of three years from July 12, 1929; and that his in-

* Appellee has moved for a dismissal or an affirmance on the ground of the insufficiency of the assignments of error. One of the assignments is that the court erred in sustaining the demurrer to the third amended complaint. This is sufficient.

terest in the premises was by the defendant described as a leasehold, emanating from the town. A copy of the policy is attached to the complaint as an exhibit. The policy contains an executed rider, reading as follows:

"$15,000.00—On assured's Leasehold Interest in property located on the Beach Road on the westerly shore of Belvedere Cove, as per Belvedere Land Company's map of Belvedere, Marin County, California, being a two-story, frame-stucco, hard roofed dwelling house.

"This insurance is predicated upon lease to land above described held by the assured from the Trustees of the City of Belvedere, California, to which there is paid a monthly rental of three dollars ($3.00).

"If, by fire occurring during the term of this policy, the dwelling house owned and occupied by the assured situate on above described land is destroyed and thus cause the cancellation of lease in accordance with the terms and conditions, the measure of loss payable under this policy shall be not exceeding this Company's pro rata share of the sum which the assured would be required to pay to secure a new lease from the City Trustees of the town of Belvedere, and in no event to exceed the amount of this policy. In event the property cannot be re-leased, then the whole sum of this insurance shall be payable to the insured hereunder.

"It is understood and agreed that there shall be no loss payable under this policy except as a result of fire of sufficient extent to cause the cancellation of the lease.

"It is understood and agreed that the building stands on ground not owned by the insured."

It is averred that the structures were destroyed by fire during the life of the policy and that the town refused to relet the land. Notice and proof of loss were given, and the defendant thereupon denied liability.

Appellee's demurrer to this pleading is both general and special. The grounds of the special demurrer are uncertainty and that several causes of action were united and not separately stated. In the order of the trial court sustaining the demurrer no grounds are specified.

The third amended complaint contains numerous unnecessary averments and much evidentiary matter, and is not to be commended as a model pleading. But the essential facts pleaded are clear enough and we find no substantial uncertainty in them. The difficulty lies in the attempt to define appellant's interest. The uncertainty is one of law rather than of fact, and in the resolution of the problem we have had no help from counsel for appellee. On the former appeal the insured had set out only the deed of conveyance from the Belvedere Land Company to the City of Belvedere, and had relied on the reservations and conditions of that instrument as establishing the nature of his tenure and the fact of his insurable interest. We held that no insurable interest was disclosed. The present complaint goes much further and alleges the existence of contract rights of which the terms of the deed are only in part evidentiary. The interest disclosed in the present pleading is in the nature of a leasehold. Shaw v. Caldwell, 16 Cal.App. 1, 115 P. 941; Lummer v. Unruh et al., 25 Cal.App. 97, 142 P. 914; Levi Morrill and another v. Robert Mackman, 24 Mich. 279, 9 Am.Rep. 124. Appellant thus pleads not only an insurable interest (1 Couch Enc. Ins. §§ 292-293), but an interest of the character described in the policy. His estate in the land was terminable on the contingency of the destruction of his buildings by fire. The termination of his tenure by the happening of this contingency was the very thing insured against.

It is true that the reserved rental was paid to the Belvedere Land Company, rather than to the town as stated in the policy. But by the reservation in the deed the rents were in fact payable to the town and by it to the former owner; and the identity of the ultimate beneficiary of the rental would seem in any event to be wholly immaterial. It is also true that the policy describes the interest as one resting on lease from the city, while the appellant places reliance on the original agreements with the grantors of the city. The town, however, took the land burdened with the existing right of occupancy, and acquiesced in that right through a period of many years. The relationship between the immediate parties was essentially that of landlord and tenant. Tebbs v. Union Realty Corp., 286 F. 1011, 52 App.D.C. 347. There is the added averment, that, with the written consent of the town, the appellant made extensive alterations in his structures and spent large sums in so doing. If proof of these averments and the attendant circumstances is made, the trial court may be justified in

concluding that the town was estopped to deny a tenure terminable only on the destruction of appellant's buildings. There is no glaring inconsistency between the averments of the pleading and the description in the policy. "The word 'lease' is used in various senses. It is sometimes applied to the term or estate created, sometimes to the written evidence of the term or estate, and again to the demise or conveyance by which the tenure or estate is created." 35 C.J. 1139.

Fidelity Union Fire Insurance Co. v. Kelleher (C.C.A.9) 13 F.2d 745, 746, is relied on by appellee. The case is readily distinguishable. In the Kelleher Case the property insured was a building which stood on leased ground. It was stipulated in the policy that "unless otherwise provided by agreement indorsed hereon or added hereto, this entire policy shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple." Before the issuance of the policy the agent of the insurance company was informed that the insured occupied the ground under lease. It was held that the stipulation quoted was a reasonable one, and as it was not shown that there was any agreement or modification of the provision with respect to ownership indorsed on the policy or added thereto, the conditions plainly expressed were binding and enforceable. Here, the appellant seeks recovery on the policy as written, on the theory that if his interest is misdescribed the appellee will not be heard to assert it, since the company was fully informed of the facts and itself drafted the description. Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall.(80 U.S.) 222, 20 L.Ed. 617. Compare Kellogg-Mackay-Cameron Co. v. Havre Hotel Co. (C. C.A.9) 173 F. 249; Allen v. Charlestown Mutual Fire Insurance Co., 5 Gray (71 Mass.) 384.

▇▇▇ Appellee seems to contend that, since estoppel is an equitable remedy, reliance upon the doctrine gives rise to an independent cause of action, equitable in character; hence, the demurrer was properly sustained for the reason that the facts constituting the estoppel were not separately pleaded. However, appellant has but one cause of action. He is suing on one policy of insurance, not on several policies, and he is not asking for reformation. His reliance upon estoppel is incidental only. The doctrine of estoppel in pais is often appealed to and is freely applied in aid of contracts in suits at law. Kellogg-Mackay-Cameron Co. v. Havre Hotel Co., supra; City of Ironton v. Harrison Construction Co. (C.C.A.6) 212 F. 353; Letta v. Cincinnati Iron Works (C. C.A.6) 285 F. 707; Carter v. Rinker (C. C.) 174 F. 882. Appellee has not been at pains to furnish us with authorities in support of the proposition that where estoppel is relied on it must be pleaded in a separate count. The point is not even argued in appellee's brief. Neither will we consider it. Nor will we assume that the trial court, in view of the history of the litigation, sustained the demurrer, without leave to amend, for reasons so insubstantial as this. The appellant is entitled to an opportunity to make his proof.

The judgment is reversed, with directions to overrule the demurrer and permit the appellee to answer.