## SMITH v. ROYAL INS. CO., LIMITED.
### No. 19382–R.

District Court, N. D. California, S. D.

Feb. 3, 1939.

James M. Hanley and A. B. Bianchi, both of San Francisco, Cal., for plaintiff.

B. W. Levit and Percy V. Long, both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is an action on a leasehold fire insurance policy. It has been before this court on two previous occasions and has been the subject of two opinions by the Circuit Court of Appeals. 9 Cir., 77 F.2d 157; 9 Cir., 93 F.2d 143. In 1933 the late Judge Kerrigan rendered a decision in favor of plaintiff. D.C., 5 F.Supp. 435. This ruling was reversed and remanded because the pleadings and the proof failed to establish an insurable leasehold. Since that time, plaintiff has amended his complaint sufficiently to show an interest which would support a judgment in his favor. The question for decision is this: Has plaintiff produced evidence which proves that he had a leasehold interest in the insured property?

The complaint alleges that one of plaintiff's predecessors, Keil, entered into an agreement with the Belvedere Land Company whereby the latter, in return for the former's recognition of a fee interest in the Land Company, promised to allow Keil to maintain improvements on the premises at a monthly rental of $3 and to enjoy exclusive use of the ground until such time as the improvements should be destroyed by fire, or otherwise. The complaint further alleges that plaintiff spent thousands of dollars improving the premises, and that such improvements were made with the knowledge and consent of the Town of Belvedere. The remaining allegations do not differ materially from those set forth in the original complaint, and since they have been fully considered in the several previous opinions, they do not require discussion in this memorandum.

At the first trial, plaintiff's pleadings relied upon a conveyance by the Land Company to the Town in order to establish a leasehold interest. The instrument in question contained a clause which permitted the occupant of plaintiff's premises to remain on the land "as long and subject to such conditions as shall be determined by said Town". This limitation was held to be fatal to plaintiff's claim, the Circuit Court of Appeals saying: "A more concise method of stating that the occupants of these cottages were bare licensees, dependent upon the arbitrary whim of the municipal officers after the passing of the deed, could hardly be devised." 77 F.2d 157, 158.

The deed by which the Town became the fee holder of the controverted property showed that plaintiff occupied the land as a licensee. But at the trial, plaintiff did not place sole reliance upon this instrument in order to prove the existence of an insurable leasehold in himself; he also sought to show that there existed an express leasehold agreement between Keil and the Land Company. To establish such an agreement, plaintiff presented a history of the Keil property from 1884 to date. Included in the evidence was proof of the following: undisturbed possession of the premises by plaintiff and his predecessors for more than 45 years; the regular payment of rental during this entire period; and the expenditure of $25,000 by plaintiff on improvements, made with the knowledge and consent of the Town. But despite the presentation of this and other evidence, the Circuit Court of Appeals declared: "No scintilla of evidence offered * * * [at the trial] gave indication of the existence of any express agreement of lease to Smith or any of his predecessors." 77 F.2d 157, 158.

Now, at the close of the second trial, conducted under amended pleadings which allege the existence of a lost leasehold agreement between Keil and the Land Company, what do we find to justify us in holding for plaintiff? A careful examination of the exhibits and the transcript will show that the facts of this case and the evidence produced at this trial are precisely the same as they were at the termination of the first trial. Plaintiff has merely repeated the earlier testimony in more elaborate form; he has added nothing which would enable the court to discover a lost leasehold agreement. The emphasis has been slightly shifted toward an estoppel theory, in accordance with the suggestion of the Circuit Court of Appeals in its second opinion, which said that in view of the amended pleadings, "the trial court may be justified in concluding that the town was estopped to deny a tenure terminable only on the destruction of appellant's buildings". 93 F.2d 143, 145.

While the amended complaint allows this court a wider latitude in applying the evidence of a leasehold agreement to plaintiff's claim, it is still essential that plaintiff prove the existence of such an agreement between Keil and the Land Company. If plaintiff had been able to furnish some persuasive, additional evidence of conduct on the part of the Town indicative of such an agreement, then the Town might have been estopped to deny its existence. But there has been a failure to produce such evidence. Upon a review of the whole case as presented, the court finds that plaintiff has not suc-

ceeded in maintaining the burden of proving an insurable leasehold interest in himself. Accordingly, judgment will be entered in favor of defendant, together with the costs of this action.