## SMITH v. ROYAL INS. CO., Limited.

### No. 19382-R.

District Court, N. D. California, S. D.

April 1, 1941.

A. B. Bianchi and James M. Hanley, both of San Francisco, Cal., for plaintiff.

Long & Levit, of San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff, former holder of a month-to-month tenancy on an estate at Belvedere, California, seeks to recover $15,000 from defendant on a valued fire insurance policy. This case, submitted to the court at the conclusion of the third trial (see Smith v. Royal Insurance Company, D.C., 5 F. Supp. 435; Royal Ins. Co. v. Smith, 9 Cir., 77 F.2d 157; Smith v. Royal Ins. Co., 9 Cir., 93 F.2d 143; Id., D.C., 26 F.Supp. 238; Id., 9 Cir., 111 F.2d 667, 130 A.L.R. 812), presents certain affirmative defenses for the first time. In the last hearing before the Circuit Court, the question for decision was whether plaintiff had an insurable interest in the nature of a leasehold. 111 F.2d 667, 669, 671. This question was answered in the affirmative. Plaintiff had sought to establish a leasehold terminable only on the happening of an uncertain event. The court found that plaintiff had proved the existence of a month-to-month tenancy. It granted a new trial, at which plaintiff might "amend his complaint in conformity with his proof", and defendant might "have the opportunity of proving such affirmative defenses as may be available to it". Both sides have followed the suggestions made by the Circuit Court.

The issue presented by the amended pleadings is as follows: where a plaintiff, seeking an insurance policy, represents to defendant insurer that the leasehold to be

insured is one for a term running until the destruction of the property, but actually it is a month-to-month tenancy; and the insurance contract is entered into upon the mutual assumption that the leasehold is of the nature represented by plaintiff, is defendant liable on the contract? The facts of the case are set out at length in the previous opinions, cited above. Plaintiff, holder of an uncertain tenure in a Belvedere estate, obtained a fire insurance policy upon his "leasehold interest". Defendant, upon learning of the quality of plaintiff's interest after the property was destroyed by fire in 1932, denied liability. In the former trials defendant alleged that plaintiff lacked a leasehold interest. But the Circuit Court has found to the contrary. In the present trial, defendant contends that plaintiff obtained his policy by misrepresentation, concealment, or mutual assumption proving false, and that therefore he is not entitled to recover. Defendant has offered to repay to plaintiff his full premium plus interest, such offer having been made since defendant discovered the true nature of plaintiff's interest in the Belvedere estate.

What does the record disclose which would relieve defendant of liability under its contract? The testimony of plaintiff's insurance broker shows that he believed, and so represented to defendant, that the interest upon which he was seeking insurance was one which would last until the property should be destroyed by fire or by other cause (Tr. 24–25, 29; 319, 331). This testimony is confirmed by defendant's insurance agent who prepared the policy in question (Tr. 34, 35, 40, 45), and who was led to believe that plaintiff's tenure was that which plaintiff's broker represented it to be (Tr. 47, 48). Relying on the representations of the broker, defendant issued the "tailor-made" policy upon which suit is now brought. This policy was prepared because both parties to the agreement believed that the leasehold interest was one of indefinite duration. But instead of possessing an interest terminable only upon the destruction of the premises, plaintiff had a month-to-month tenancy. 111 F.2d 667. Defendant's expert witnesses have testified that no reputable fire insurance company, acting in the usual course of business, would knowingly issue a leasehold policy on such a tenure (Tr. 21, 26, 28). Thus, the evidence shows that defendant, relying upon a material misrepresentation by plaintiff, prepared a policy which it does not issue in the course of its business, and which it has

constantly sought to rescind. What is the law applicable to such a set of facts?

Plaintiff's insurance policy contains the following provision, in statutory form, Cal.Insurance Code, § 2070 St.1935, p. 596: "This entire policy shall be void (a) if the insured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof."

For the misrepresentation to be effective, it is not necessary that it be made in bad faith. Telford v. New York Life Ins. Co., 1937, 9 Cal.2d 103, 69 P.2d 835; 29 Amer. Juris. 422, 425; Williston, Contracts, Rev. Ed., 4189, sec. 1500. The record is clear that plaintiff's broker misrepresented the extent of the leasehold interest upon which defendant issued the policy. Since the representations related to the subject of insurance itself, there is no doubt as to their materiality. 24 Amer.Juris. 424; California-Western States Life Ins. Co. v. Feinstein, 1940, 15 Cal.2d 413, 101 P.2d 696, 131 A.L.R. 608.

By reason of the misrepresentations made by plaintiff's broker, both parties were misled into drawing up the instrument which is the subject matter of this action. They assumed something to be so which was not so, namely, that plaintiff had a leasehold interest in a Belvedere estate terminable only upon the destruction of the property. Such an erroneous assumption is sufficient to permit the injured party to avoid the contract. In the language of Williston: " * * * A mistake vitally affecting a fact or facts on the basis of which the parties contracted, renders their contract voidable by an injured party. That is, where the parties assumed a certain state of facts to exist, and contracted on the faith of that assumption, they should be relieved from their bargain if the assumption is erroneous, and the materiality of the state of facts is weighty evidence of the assumption." Williston, Contracts, Rev.Ed., Vol. 5, 4334, sec. 1544.

The parties were mistaken as to the facts when they entered into their contract, Cal. Civil Code, §§ 1576, 1577, intending to insure a leasehold of indefinite tenure, Cal. Civil Code, § 1648. Under these circumstances, defendant is free to rescind, Cal. Civil Code, § 1689.

The record supports the affirmative defenses of (1) misrepresentation of a material fact, which led to the making of the contract upon which plaintiff relies, and

(2) mutual assumption proving false. Therefore, the court will relieve defendant of liability on the insurance contract.

It is ordered that judgment be entered in favor of defendant, upon repayment to plaintiff of the insurance premiums, plus interest, as offered, and upon preparation of findings of fact and conclusions of law. Each side will pay its own costs.